**STATE of Iowa, Appellee,**

v.

**Larry Lee BRACE, Appellant.**

**No. 54319.**

Supreme Court of Iowa.

Nov. 10, 1970.

Rehearing Denied Dec. 14, 1970.

Getscher & Getscher, Hamburg, for appellant.

Richard C. Turner, Atty. Gen., Michael J. Laughlin, Asst. Atty. Gen., and Gene Eaton, County Atty., Sidney, for appellee.

UHLENHOPP, Justice.

The main question to be resolved in this appeal is whether a sentence of 25 years imposed by the trial court for aggravated robbery is too severe.

Defendant, aged 28, was born and reared in southwest Iowa. The family was unstable and moved about frequently. The father and mother had but limited education. Defendant seems to have a mental block as to his youth and can remember only parts of it. He is not mentally ill or subnormal, but his intellectual capacity is toward the low end of the normal range. He is not articulate, keeps his problems bottled up, and is a loner. He attended school to the tenth grade.

Defendant is an honorably discharged veteran of the United States Navy. His only trouble in the service occurred when his locker was found to contain another sailor's hat. As a civilian his only prior conviction was for drinking beer on the highway, for which he paid a fine of $25.

Defendant is married to the former Stella Carrell. She was married before, had one child by that marriage, and obtained a divorce from her first husband because of physical abuse by him. She appears to be a stable person and careful with money. Defendant and Stella have a small daughter, and defendant has adopted Stella's first child.

Defendant is a skilled meat cutter who can earn good wages. Prior to the events in question, he and Stella bought a locker plant in a small town, but they lost it for want of customers. They were left with a substantial debt including a mortgage on their furniture. Defendant went to work in a packing house, and Stella got a job at a Holiday Inn.

At this point defendant commenced unlawful activity of a grave nature. He first entered a store in Council Bluffs, Iowa, intending to rob. But the till was attended by a rather large man, and defendant lost his nerve. He bought some chili powder and walked out.

Thereafter defendant entered another store in Council Bluffs intending to rob. He carried his skinning knife with him. The attendant was a woman. Defendant got behind her by the ruse of asking for chili powder, put his knife to her throat, demanded the money in the till amounting to about $40, compelled the attendant to accompany him as far as his car, and departed.

Defendant took the money from this robbery plus other money and bought a revolver. He next went to a supper club in Mills County, Iowa, which was also attended by a woman. When no customers were present, he held up the woman with his loaded revolver, obtained about $80, and left. He subsequently lied to his wife that he had won money gambling.

A few days later, in Fremont County, Iowa, defendant again took his gun and went to a store attended by a woman. He demanded money at gun point, but when the woman backed away and remonstrated, defendant became frightened and fled. Shortly afterward he was apprehended in possession of the gun.

Defendant was not charged, of course, for his unsuccessful first effort in Council Bluffs. For his successful second effort in that city he was charged with "robbery with aggravation committed as follows: For that the said Larry Lee Brace on or about the 27 day of January A.D. 1970, in the said County of Pottawattamie and State of Iowa, and west of the west line of Range 40 did, with force, violence and putting in fear, steal and take from Jo Ann Marie Price, at Woodies Food Mart, in Council Bluffs, Iowa, property, to-wit: Money, in excess of $40.00, while armed with a dangerous weapon, with intent if resisted to kill or maim the person robbed. All in violation of Section 711.2, 1966 Code of Iowa." Defendant and his attorney were furnished a copy of this charge.

Defendant was similarly charged in Mills County, with reference to the occurrence there. In Fremont County he was charged with two offenses—assault with intent to rob, contrary to § 694.7 of the Code, and carrying a concealed weapon.

Defendant pled guilty to the Pottawattamie charge of robbery with aggravation and to the Fremont charge of assault with intent to rob. The other two charges were dropped. The pleas were accepted after hearings at which the trial court satisfied itself as to their propriety by examining defendant orally. A presentence investigation was made, and both counsel were furnished copies of the presentence report. A consolidated hearing was then held on the question of sentence, at which defendant sought a bench parole.

The trial court sentenced defendant to 25 years for robbery with aggravation and to five years for assault with intent to rob, ordered that the sentences run concurrently, and denied a bench parole. Hence this appeal by defendant.

Defendant urges, first, that the sentences are too severe and a bench parole should have been granted, and second, that he was originally held in jail for three days before being taken before a magistrate.

I. As to severity of the sentences, aggravated robbery carries only one penalty—25 years. Assault with intent to rob carries five years, or a fine not exceeding $1,000, or both. The trial court had to give defendant 25 years on the aggravated robbery charge alone; the only possibility for leniency was a bench parole, and that was not indicated for a crime involving such personal danger. Defendant got all he could hope for: the two sentences imposed were made to run together, and the other two charges were dropped. Defense counsel achieved the best result from

defendant's standpoint that could be expected.

On the severity of a sentence, "We are not inclined to change a penalty imposed unless it is so disproportionate to the degree of guilt as to be manifestly too severe." State v. Gramenz, 256 Iowa 134, 145, 126 N.W.2d 285, 292. We have no inclination to change these sentences. Defendant will of course be subject to the jurisdiction of the board of parole. Code, 1966, § 789.13.

■ II. As to lapse of time before defendant was originally taken before a magistrate, this is not a case of the introduction on trial of a confession which was obtained while an accused was held incommunicado for an inordinate period of time. Defendant pled guilty, and the trial court ascertained that the plea was voluntarily and understandably made. "A plea of guilty freely and voluntarily entered in open court is a waiver of trial and defense and a submission without contest. It waives all defenses except that the indictment or information charges no offense, and, of course, the right to challenge the plea itself." State v. Kulish, 260 Iowa 138, 143, 148 N.W.2d 428, 432. Defendant waived any defense he may have had relative to delay.

■ III. Defendant's attorney urged at the bar of this court and by supplemental brief that defendant only pled guilty to a generic charge of robbery, and that the degree of robbery remained to be ascertained —on the analogy of a hearing to ascertain the degree of homicide. See Code, 1966, § 690.4. No such procedure is provided in chapter 711 providing the various kinds of robbery. Defendant did not urge his present contention in the trial court. On the contrary, the proceedings in that court make plain that defendant pled guilty to the offense expressly charged, robbery with aggravation in violation of § 711.2.

IV. The presentence report was certified to us as part of the record and has been helpful in comprehending the reasons for the sentences imposed. This was in accordance with the recommendation in ABA Project on Minimum Standards of Criminal Justice, Standards relating to Appellate Review of Sentences, § 2.3 at 42 (1969):

"The following items should be available for inclusion in the record on appeal: * * * copies of the presentence report, the report of a diagnostic facility, or any other reports or documents available to the sentencing court as an aid in passing sentence."

Affirmed.

All Justices concur.