STATE of Iowa, Appellee,

v.

Craig Christopher SUDDUTH, Appellant.

No. 57282.

Supreme Court of Iowa.

Dec. 18, 1974.

Stephen B. Jackson, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., and Richard A. Pundt, Asst. County Atty., for appellee.

Submitted to MOORE, C. J., and LeGRAND, REES, HARRIS and McCORMICK, JJ.

MOORE, Chief Justice.

Defendant, Craig Christopher Sudduth, appeals from conviction and sentence upon his plea of guilty to the crime of larceny of property of value more than $20. We affirm.

October 12, 1973 defendant was charged with robbery without aggravation in violation of Code section 711.3. After entering a not guilty plea defendant filed a motion to suppress a written confession made by him to police. Evidentiary hearing on the motion was held November 2. The lower court overruled the motion November 5, 1973. On February 15, 1974 defendant withdrew his original plea and entered a plea of guilty to the lesser charge of larceny. The court interrogated defendant within the guidelines set out in State v. Sisco, Iowa, 169 N.W.2d 542 and thereafter accepted the guilty plea. On March 22, 1974 defendant was sentenced to serve a term not to exceed five years in the penitentiary at Fort Madison.

Defendant contends his guilty plea was not voluntary, arguing it was the product of a coerced confession.

I. The first issue presented is whether a guilty plea may be attacked on the ground it was the direct result of a coerced confession. We have not heretofore considered the problem. However several United States Supreme Court cases dealing with the question have concluded such an appeal may be made but severely limit the circumstances from which such an appeal may arise. See generally, Annotation, Validity of Guilty Pleas—Supreme Court Cases, 25 L.Ed.2d 1025, 1041.

Assuming arguendo defendant's written confession was obtained illegally, it does not automatically follow his plea was involuntary. A plea of guilty motivated by a prior coerced confession is not invalid unless the plea was made by a defendant without assistance of counsel, Pennsylvania v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126, or unless defendant demonstrates "the circumstances that coerced the confession have abiding impact and also taint the plea." McMann v. Richardson, 397 U.S. 759, 767, 90 S.Ct. 1441, 1447, 25 L.Ed.2d 763, 771, citing Chambers v. Flori-

da, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716. See also, Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed. 785, 791.

 Defendant had assistance of competent counsel prior to and at the time of his guilty plea, which was entered more than four months after the court overruled his motion to suppress his confession. The record clearly establishes the guilty plea to the lesser charge was made after plea bargaining. It is improbable the alleged police conduct had any enduring effect likely to taint the voluntariness of his plea. The record before us leaves little doubt defendant's decision to plead guilty was both intelligent and voluntary.

II. Additionally it must be noted the record reveals the court's interrogation of defendant establishes his guilty plea was entered knowingly and voluntarily. In State v. Delano, Iowa, 161 N.W.2d 66, 73, we state:

"When a defendant voluntarily and understandingly pleads guilty with full knowledge of his constitutional rights and has been informed of the consequences of his guilty plea, it is immaterial whether he gave a prior confession or statement without being advised of his right to remain silent, of his right to counsel, and that his statements could be used against him."

See also, State v. Kobrock, Iowa, 213 N.W.2d 481, 483; State v. Culbert, Iowa, 188 N.W.2d 325, 326; State v. Jackson, Iowa, 173 N.W.2d 567, 570 and citations.

We have considered the issues raised by defendant on this appeal and find no ground for reversal.

Affirmed.