Roy Dale GREEN, Petitioner-Appellant,

v.

W. J. ESTELLE, Director, Texas Dept. of Corrections, Respondent-Appellee.

No. 75–1761.

United States Court of Appeals, Fifth Circuit.

Dec. 19, 1975.

Brantley Pringle, Fort Worth, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Dunklin Sullivan, Robert E. Delong, Jr., Asst. Attys.

Gen., Austin, Tex., for respondent-appellee.

Before TUTTLE, THORNBERRY and COLEMAN, Circuit Judges.

COLEMAN, Circuit Judge.

Green, a Texas state prisoner, appeals the denial of habeas corpus relief. In the District Court, Green alleged that Texas had twice placed him in jeopardy for the same offense. It was held, however, that he waived the claim by pleading guilty to the second indictment for murder; therefore the petition was denied, without reaching the merits of the double jeopardy claim.

After this appeal was orally argued, and while its disposition was pending before this Court, the Supreme Court decided *Menna v. New York*, —— U.S. ——, 96 S.Ct. 241, 46 L.Ed.2d 195 [44 U.S.L.W. 3304, November 18, 1975]. Under the teachings of *Menna* we vacate the judgment of the District Court and remand for consideration on the merits.

On August 6, 1966, at a time when the appellant was present, one Kenneth McDuff forced two boys to climb into the trunk of an automobile, closed the lid, and fired into it six times, instantly killing both of them.

Green was indicted in two separate indictments, one charging him with the murder, with malice, of Marcus Dunnam, the other charging the same crime in the death of Robert Brand. At that time, murder with malice in Texas carried a maximum penalty of death.

The first trial on one of the indictments resulted in a verdict of guilty *without malice.* For this, Green was assessed the maximum sentence, five years in the penitentiary.

The State then proceeded to try him under the indictment returned in connection with the other homicide, which, as stated, charged murder with malice.

As to this second indictment, Green filed pleas of prior conviction and of col-

lateral estoppel. It was argued that the homicide was one transaction. It was further argued that if appellant could be convicted of two homicides the State was collaterally estopped from relitigating the element of malice; thus at most Green could only be convicted of murder without malice.

Green's plea was denied and he subsequently pleaded guilty to the indictment. In return for the plea, the State abandoned its request for the death penalty and Green was sentenced to a penal term of twenty five years.

These pleas were tendered in March, 1969. The Double Jeopardy Clause of the United States Constitution was not made applicable to the states until June 23, 1969, *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707.

In 1970, the Supreme Court decided *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, holding that collateral estoppel is an embodiment of the Double Jeopardy Clause.

In 1973, Green petitioned the Texas Court of Criminal Appeals for habeas corpus relief, which was denied without written opinion.

Thereafter, appellant filed this habeas corpus petition in the United States District Court, where, without reaching the merits, it was rejected in reliance upon *Cox v. Crouse,* 10 Cir., 1967, 376 F.2d 824, 826, and *Harris v. United States,* 8 Cir., 1956, 237 F.2d 274, 277, that is, his petition was foreclosed by his plea of guilty.

■ *Menna, supra,* holds that where a valid double jeopardy claim would preclude a constitutional prosecution, a plea of guilty to that charge does not extinguish the double jeopardy claim. See, also, *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628.

■ In reality appellant's double jeopardy claim is of a dual nature. First, he argues that he had received one conviction for his misdeed and should not have been tried again for it, even though the second indictment charged the murder of a different victim. We have declined to

adopt the "same transaction" test, *United States v. Smith,* 5 Cir., 1973, 470 F.2d 1299, 1302.

On the other hand, it is further asserted that the State was collaterally estopped to try Green a second time for murder with malice after a jury in the first trial had acquitted him of that element of the offense.

We intimate no opinion on the merits of this contention, but, following *Menna,* we vacate the judgment of the District Court and remand the case for consideration on the merits of the motion to dismiss on the grounds of double jeopardy.

Vacated and remanded.