558 P.2d 750

**STATE of Arizona, Appellee,**

v.

**Dennis LeRoy HAGEN, Appellant.**

**No. 1 CA–CR 1611.**

Court of Appeals of Arizona,
Division 1,
Department B.

Nov. 26, 1976.

Rehearing Denied Dec. 9, 1976.

Petition for Review Denied Jan. 4, 1977.

724

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Phoenix, for appellee.

George M. Sterling, Jr., Phoenix, for appellant.

## OPINION

WREN, Judge.

Appellant was convicted by a jury of illegally using a telephone in violation of A.R.S. § 13–895A, and placed on probation for one year. He contends on appeal that:

1. A.R.S. § 13–895A is unconstitutionally vague and overbroad;
2. The court erred in denying his motion for a Bill of Particulars;
3. The court erred in denying his motion in limine;
4. The motion for mistrial should have been granted because of (a) evidence of prior bad acts, and (b) misconduct by the prosecutor in his closing argument;
5. There was a denial of his constitutional right to self-representation and to call witnesses.

## CONSTITUTIONALITY OF A.R.S. § 13–895A

A.R.S. § 13–895A provides:

"A. It shall be unlawful for any person, with intent to terrify, intimidate, threaten, harass, annoy or offend, to telephone another and use any obscene, lewd or profane language or suggest any lewd or lascivious act, or threaten to inflict injury or physical harm to the person or property of any person. It shall also be unlawful to attempt to extort money or other thing of value from any person, or to otherwise disturb by repeated anonymous telephone calls the peace, quiet or right of privacy of any person at the place where the telephone call or calls were received."

The facts disclose that on or about the 19th day of March, 1975, appellant telephoned a Phoenix police officer and used obscene, lewd and profane language. Specifically he expressed a desire to engage in an act of sodomy with the Phoenix Chief of Police.

Appellant's assertion that the statute is unconstitutionally void for vagueness was disposed of by this court in *Baker v. State*, 16 Ariz.App. 463, 494 P.2d 68 (1972), wherein the same contention was turned aside. One whose conduct is clearly proscribed by the terms of a statute may not successfully challenge it for vagueness. *Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974); *Walker v. Dillard*, 523 F.2d 3 (4th Cir. 1975). Here the crime and the elements comprising it are expressly set forth, and a reasonable person would not be left to speculate as to the type of activity prohibited. Cf. *State v. Locks*, 97 Ariz. 148, 397 P.2d 949 (1964). Appellant was given fair warning that the conduct he

had engaged in fell within the purview of the statute.

Appellant also claims overbroadness because the wording of A.R.S. § 13–895A is equally applicable to constitutionally protected speech. Again we disagree.

The state has a legitimate interest in prohibiting obscene, threatening, or harassing phone calls, none of which are generally thought of as protected by the First Amendment. *Walker v. Dillard,* supra; Cf. *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

*Baker* held the statute to prohibit:

"[T]he intrusion into the home by means of telecommunications of those individuals who intend to terrify, harass, annoy and abuse the listener by means of the language proscribed by the statute.

A resort to epithets of personal abuse is not in any proper sense communication of information or opinion safeguarded by the Constitution, and its punishment as a criminal act raises no constitutional question." supra 16 Ariz.App. at 466, 494 P.2d at 71.

■ By specifying the *intent* with which the call must be made and the nature of the language prohibited, the statute clearly demonstrates that the prohibited activities find no protection under the First Amendment. The Arizona Supreme Court's observations on the constitutionality of A.R.S. § 13–371, (Disturbing the Peace) in *State v. Starsky,* 106 Ariz. 329, 475 P.2d 943 (1970), are equally applicable to A.R.S. § 13–895. *Starsky* noted that such activities were not "an exercise of rights but rather [were] an abuse of rights and [entailed] a gross lack of understanding—or calloused indifference—to the simple fact that the offended parties also [had] certain rights under the same Constitution." supra at 332, 475 P.2d at 946.

We cannot conceive that the State is abridging anyone's First Amendment freedom by prohibiting telephone calls that are "obscene, lewd or profane" or that threaten physical harm, provided such calls are made with the intent specified in the statute.

## BILL OF PARTICULARS

The information charges the appellant with ". . . intent to terrify, intimidate, threaten, harass, annoy or offend did telephone Jerry Kimmell and used obscene, lewd or profane language or suggested a lewd or lascivious act . . . ."

Appellant argues that he needed more information, pointing out that a defendant in a criminal prosecution has the basic right "to demand the nature and cause of the accusation against him . . . ." Arizona Constitution, Art. 2, Section 24 and that he is entitled to be formally notified in plain, understandable language of the acts or conduct charged to have been criminal so that he may prepare his defense and be protected from double jeopardy. *State v. Cutshaw,* 7 Ariz.App. 210, 437 P.2d 962 (1968).

The State responds with an interesting argument. It contends that the Arizona Rules of Criminal Procedure (1973), unlike the 1956 Rules of Criminal Procedure, do not provide for a Bill of Particulars, and therefore the appellant had no right to it in the first place. However, we need not reach the question as to whether the court had discretion to entertain the motion under the new rules, since on the merits we have determined that appellant was not entitled to a Bill of Particulars.

■ The decision to grant or deny a Bill of Particulars rests within the sound discretion of the court, *State v. Gortarez,* 98 Ariz. 160, 402 P.2d 992 (1965), and the exercise of that discretion is entitled to special consideration when the request is made after a preliminary hearing, *State v. Sanders,* 7 Ariz.App. 538, 441 P.2d 573 (1968).

■ Since the fundamental purpose behind the "bill" is to avoid surprise at the trial, *United States v. Andrino,* 501 F.2d 1373 (9th Cir. 1974), it follows that a transcript of the preliminary hearing has often been found to have provided a defendant with the information necessary to adequately prepare a defense. See, *State v. Colvin,* 81 Ariz. 388, 307 P.2d 98 (1957);

*State v. Hart,* 61 Ariz. 191, 146 P.2d 211 (1946).

Our examination of the preliminary hearing transcript demonstrates that the appellant was made fully aware of the contents of the conversation that the State charged as being in violation of A.R.S. § 13–895. Under the circumstances of this case, we cannot say he was unable to adequately prepare his defense because of the absence of a Bill of Particulars. Nor does he make any claim to this court that he was unable to adequately prepare. We therefore hold that the motion for Bill of Particulars was properly denied in the exercise of the court's discretion.

## MOTION IN LIMINE

The trial judge properly denied appellant's Motion in Limine because counsel had avowed to the court that a stipulation regarding the subject matter of the motion was pending. The court then informed appellant's attorney that in the event no stipulation was actually entered into he would have an opportunity to reurge the motion. The record does not establish that any stipulation was ever entered into, but the motion was not reurged and was therefore waived.

## MOTION FOR MISTRIAL

Testimony was elicited by the State that appellant had periodically called the Phoenix Police Chief's office, and that one call had been made as early as May of 1973. Appellant argues that such evidence constituted "prior bad acts" and was therefore inadmissible. We disagree. The evidence was proper to establish a "pattern" of harassment, and the fact that appellant's voice was well known to the witness when the conversation of March 19, 1975 took place. Cf., *State v. Jones,* 26 Ariz.App. 66, 546 P.2d 43 (1976); 29 Am.Jur.2d *Evidence,* §§ 368, 383; Udall, *Arizona Law of Evidence* § 115.

Appellant also urges as a ground in support of his Motion for Mistrial that the prosecutor's comments during closing argument to the jury were prejudicial. He contends that the jurors were repeatedly called upon to speculate as to future criminal conduct by appellant. We have reviewed the text of the argument claimed to have constituted error and conclude that the prosecutor remained within the permissible latitude afforded attorneys in their closing arguments to a jury. *State v. Taylor,* 112 Ariz. 68, 537 P.2d 938 (1975).

## SELF–REPRESENTATION

A review of the entire record does not disclose that the court refused a specific request by appellant to act as his own attorney. The transcript does reflect that on several occasions appellant did request to act as his own attorney, but when informed by the judge that he would be subject to the same rules which governed the conduct of attorneys and the admission of evidence, he requested that the court appoint an attorney for him. It cannot be said that a trial judge refuses a defendant's constitutional right to self-representation, *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), when he is merely informed by the court that the trial procedure and law would be the same.

At the time of trial appellant used a different approach. He made an additional request for the right to act as his own counsel, but desired an appointed attorney to act as his co-counsel. The court agreed to the requested procedure, and stated it would permit counsel to make objections for appellant. This, however, was apparently not satisfactory to appellant. He wanted another attorney appointed because his present counsel had refused to sign an affidavit renouncing his belief in the Holy Ghost. A similar demand was made upon the judge, prosecutor and members of the jury. The judge properly refused to dismiss appellant's counsel for failure to sign such an affidavit. Cf., *State v. Miller,* 111 Ariz. 321, 529 P.2d 220 (1974); *State v. DeLuna,* 110 Ariz. 497, 520 P.2d 1121 (1974).

■ Moreover, we note that appellant refused to sign a waiver of counsel form at the time the initial question of self-representation was raised. This refusal alone would have permitted the trial court to deny appellant's request, *State v. Marks,* 113 Ariz. 71, 546 P.2d 807 (1976).

## RIGHT TO CALL WITNESSES

Lastly, the broad and pervasive allegation is made that there were numerous and summary quashings of defense subpoenas for witnesses, which constituted, it is claimed, an abuse of discretion on the part of the court. However, appellant does not specify error with respect to any individual subpoena. The judge did make the general statement that he would quash any subpoena summoning a person to testify for the sole purpose of showing the nature or circumstances surrounding the death of appellant's mother.

It appears from a reading of the transcript and the psychiatrist's reports submitted pursuant to a competency examination that the appellant believed there was an all encompassing conspiracy to prevent him from demonstrating that the death of his mother resulted from murder rather than natural causes. The extent of the participation in this alleged conspiracy was overwhelming. It included numerous officers of the state, city and Federal government, many of whom were the objects of the requested subpoenas.

■ The trial court must be allowed a reasonable discretion in determining the relevancy and admissibility of evidence. *State v. Wallace,* 83 Ariz. 220, 319 P.2d 529 (1957). The quashing of subpoenas directed to witnesses who cannot provide such competent or relevant evidence also remains within the domain of discretion left the trial judge. Cf., *State v. Schaffer,* 70 Wash.2d 124, 422 P.2d 285 (1966); *Taylor v. United States,* 329 F.2d 384 (5th Cir. 1964). We find no abuse of discretion in quashing the subpoenas.

The judgment and sentence are affirmed.

SCHROEDER, P. J., and JACOBSON, J., concurring.