STATE of Iowa, Appellee,

v.

Fredrick Morse JAEGER, Appellant.

No. 58918.

Supreme Court of Iowa.

Jan. 19, 1977.

Lawrence W. Zeringue, Burlington, for appellant.

Richard C. Turner, Atty. Gen., Michael W. Coriden, Asst. Atty. Gen., and Steven S. Hoth, County Atty., for appellee.

Heard by MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and HARRIS, JJ.

MOORE, Chief Justice.

Defendant appeals from his guilty plea conviction of unlawful use of telephone in violation of Code section 714.37 which provides:

"It shall be unlawful for any person, with intent to terrify, intimidate, threaten, harass, annoy or offend, to telephone another and use any obscene, lewd or profane language or suggest any lewd or lascivious act, or threaten to inflict injury or physical harm to the person or property of any person. It shall also be unlawful to attempt to extort money or other thing of value from any person, or to otherwise disturb by repeated anonymous telephone calls the peace, quiet or right of privacy of any person at the place where the telephone call or calls were received."

The questions presented are—(1) Does a plea of guilty entered subsequent to defendant's demurrer waive all alleged constitutional errors in the charging statute?, and (2) Is section 714.37 unconstitutionally vague and overbroad on its face so as to charge no offense?

Defendant first demurred to the County Attorney's Information which charged him with unlawful use of a telephone in violation of Code section 714.37. He alleged the statute was facially both unconstitutionally vague and overbroad. The lower court's well-reasoned holding and order overruled defendant's demurrer. Thereafter defendant, with counsel, voluntarily and understandingly entered a plea of guilty as charged. In response to the court's interrogation defendant admitted he telephoned Lowell Bauer, a Burlington City Councilman, on April 6, 1975, at 2:20 A.M. and stated to him: "Hello you dumb fucker. What do you think about the children of Viet Nam?" The call was immediately traced as prior similar calls had caused the telephone company to make the necessary attachments to Bauer's telephone.

I. This court has on numerous occasions stated:

"A plea of guilty freely and voluntarily entered in open court is a waiver of trial

and defense and a submission without contest. It waives all defenses except that the indictment or information charges no offense, and, of course, the right to challenge the plea itself."

*State v. Everhart,* Iowa, 243 N.W.2d 574, 575 (guilty plea waived challenge to venue); *Zacek v. Brewer,* Iowa, 241 N.W.2d 41, 50; (guilty plea was set aside because involuntary); *State v. Sudduth,* Iowa, 224 N.W.2d 19, 21 (guilty plea waived error concerning written confession); *State v. Horstman,* Iowa, 218 N.W.2d 604, 605 (guilty plea waived defendant's claim he was charged under the wrong statute); *State v. McGee,* Iowa, 211 N.W.2d 267, 268 (defendant foreclosed from complaint as to time lapse between information and plea); *State v. Burtlow,* Iowa, 210 N.W.2d 438, 439 (Miranda issue waived by guilty plea); *State v. Culbert,* Iowa, 188 N.W.2d 325, 326 (defendant waived confession issue by pleading guilty); *Toogood v. Brewer,* Iowa, 187 N.W.2d 748, 750 (defendant waived factual dispute by pleading guilty); *State v. Brace,* Iowa, 181 N.W.2d 244, 246 (defendant waived any potential defense regarding time lapse in being taken before a magistrate); *State v. Jackson,* Iowa, 173 N.W.2d 567, 570 (objections to identification procedure are waived by guilty plea).

In 25 Drake L.Rev. 360, "Guilty Pleas" (published in 1975) our opinions are carefully and thoroughly discussed and analyzed. At page 371 the writer concludes: "When an Iowa defendant pleads guilty, he may as well forget about supposed 'irregularities' that preceded it."

Here the challenge goes beyond a claimed irregularity. Argument is made that the "information charges no offense" because of claimed unconstitutionality of the statute. Thus this court is faced with a question of first impression. Therefore we may consider cases from other jurisdictions.

In *Blackledge v. Perry,* 417 U.S. 21, 30, 94 S.Ct. 2098, 2103, 40 L.Ed.2d 628, 636 (1974) the court held a defendant's claim of double jeopardy was not waived by a plea of guilty because the constitutional claim "went to the very power of the State to bring the defendant into court to answer the charge brought against him." The court noted the right asserted was "the right not to be haled into court at all upon the felony charge."

*Blackledge* was followed in *Menna v. New York,* 423 U.S. 61, 63, 96 S.Ct. 241, 242, 46 L.Ed.2d 195, 198 (1975) where the court stated:

"We do not hold that a double jeopardy claim may never be waived. We simply hold that . . . —judged on its face— the charge is one which the State may not constitutionally prosecute."

Other courts have cited and adopted the *Blackledge* holding. See *Green v. Estelle,* 5 Cir., 524 F.2d 1243, 1244; *United States v. Sams,* 3 Cir., 521 F.2d 421, 427; *United States v. Bluso,* 4 Cir., 519 F.2d 473, 474; *Inge v. Slayton,* E.D.Va., 395 F.Supp. 560, 565, 566; *State v. Cody,* Mo., 525 S.W.2d 333, 335.

In *People v. Johnson,* 396 Mich. 424, 444, 240 N.W.2d 729, 739, cert. denied, —— U.S. ——, 97 S.Ct. 370, 50 L.Ed.2d 319, the court stated:

"* * *. Certainly it is true that those rights which might provide a complete defense to a criminal prosecution, those which undercut the state's interest in punishing the defendant, or the state's authority or ability to proceed with the trial may never be waived by guilty plea. * * *"

We hold that if an indictment or county attorney's information facially shows a charge on which the State may not constitutionally prosecute, then a plea of guilty subsequent to an adverse ruling on a demurrer does not waive the claimed unconstitutionality as "no offense is stated."

II. We therefore consider the second question—Is section 714.37 unconstitutionally vague and overbroad on its face so as to charge no offense?

Prefatorily several principles are applicable. Regularly enacted statutes are accorded a strong presumption of constitutionality. Every reasonable basis of support for a statute must be negated by the attacking party. Also when constitutionali-

ty is merely doubtful this court will not interfere as it must be shown that legislative enactments, clearly, palpably and without doubt infringe upon constitutional rights before an attack will be upheld. *State v. Aldrich*, Iowa, 231 N.W.2d 890, 894; *State v. Kueny*, Iowa, 215 N.W.2d 215, 216, 217 and citations.

■ A statute is unconstitutionally overbroad and thus offends the First Amendment to the United States Constitution as made applicable to the states by the due process of the Fourteenth Amendment if it not only forbids conduct constitutionally subject to proscription but also sweeps within its ambit those actions ordinarily deemed to be constitutionally protected. *State v. Wedelstedt*, Iowa, 213 N.W.2d 652, 656.

■ A statute is unconstitutionally vague, and thus offends due process, if it does not give a person of ordinary intelligence a reasonable opportunity to know what is prohibited so he may act accordingly. A statute must give fair warning of proscribed conduct in order to avoid arbitrary and discriminatory enforcement. *Grayned v. City of Rockford*, 408 U.S. 104, 108, 109, 92 S.Ct. 2294, 2298, 2299, 33 L.Ed.2d 222, 227; *State v. Williams*, Iowa, 238 N.W.2d 302, 307; *State v. Price*, Iowa, 237 N.W.2d 813, 815.

■ Defendant specifically alleges the words "obscene, lewd or profane" as used in section 714.37 do not have a clear and precise meaning and thus the statute is void for vagueness. He relies strongly on our holdings in *State v. Kueny*, Iowa, 215 N.W.2d 215 and *State v. Wedelstedt*, Iowa, 213 N.W.2d 652, 656. As we point out infra, his reliance is not well placed as section 714.37 is not an obscenity or lewdness statute as considered in *Kueny* and *Wedelstedt*. Section 714.37 is a statute prohibiting outrageous conduct resulting in the intrusion into people's homes by means of telecommunications. Several other states have applied this reasoning to similar statutes.

In a case involving an almost identical statute and the same issues as presented here, the court in *Baker v. State*, 16 Ariz. App. 463, 465, 466, 494 P.2d 68, 70, 71, said:

"The statute with which we are here concerned is not an 'obscenity' statute. It is more analogous to that involved in the case of *State v. Starsky*, 106 Ariz. 329, 475 P.2d 943 (1970). There the court had under consideration A.R.S. § 13–371, which made it a crime to disturb willfully and maliciously the peace or quiet of a neighborhood, family or person by means of applying any violent, abusive or obscene epithets to another. In that case the term 'obscene' as used in the statute was attacked as being vague. The court, in upholding the statute, stated:

" 'But we are not here faced with the complexities of the sexual connotation of "obscene" as used in obscenity statutes and applied to literature or the theater. Here the term is used to describe a type of "epithet"; in other words an obscene adjective, a vulgarity, a profanity or, in plain terms—"cuss words". It would be inane to apply the constitutional standard of *Roth*, [*Roth v. United States*, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957)] to determine if it appealed to prurient interests and even more ridiculous to seek in such activity a redeeming social value, much less any intellectual support for a protagonist's argument.' 106 Ariz. at 332, 475 P.2d at 946.

"It would be equally inane to interpret the word 'obscene' in the context of the *Roth* standards when dealing with obscene phone calls.

"We believe that we must take the normal everyday meaning of the word 'obscene', in other words: Lewd, impure, filthy, offensive to modesty or decency. The state has a legitimate justifiable interest in regulating and prohibiting the intrusion into the home by means of telecommunications of those individuals who intend to terrify, harass, annoy and abuse the listener by means of the language proscribed by the statute.

"A resort to epithets of personal abuse is not in any proper sense communication

of information or opinion safeguarded by the Constitution, and its punishment as a criminal act raises no constitutional question. *Cantwell v. Connecticut*, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940). Nor do we believe that the word 'profane' is vague. It has long been used by the federal government in the regulation of radio broadcasts. (Citations)."

For other authorities which uphold unlawful telephone call statutes against unconstitutionality attack, see *State v. Zeit*, Or.App., 539 P.2d 1130; *Caldwell v. State*, 26 Md.App. 94, 337 A.2d 476; *Schuster v. State*, Tex.Cr.App., 450 S.W.2d 616; *Alobaidi v. State*, Tex.Crim.App., 433 S.W.2d 440, cert. denied., 393 U.S. 943, 89 S.Ct. 313, 21 L.Ed.2d 281; *State v. Godwin*, 267 N.C. 216, 147 S.E.2d 890. Each gives weight to the specific intent element in the unlawful telephone call statute involved. See also Annot., "Misuse of Telephone," 97 A.L.R.2d 503.

We hold section 714.37 is a statute prohibiting unlawful telephone calls and that defendant's challenge of unconstitutionality is untenable.

The judgment of the lower court is affirmed.

AFFIRMED.

MASON, UHLENHOPP and HARRIS, JJ., concur.

LeGRAND, J., concurs in the result.