STATE of South Dakota, Plaintiff
and Appellee,

v.

William CRELLY, Defendant
and Appellant.

No. 13396.

Supreme Court of South Dakota.

Considered on Briefs Oct. 20, 1981.

Decided Dec. 16, 1981.

Mikal Hanson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

David R. Gienapp of Arneson, Issenhuth & Gienapp, Madison, for defendant and appellant.

HENDERSON, Justice.

Pursuant to a bench trial, appellant William J. Crelly was found guilty of making an unlawful obscene and lewd telephone call in violation of SDCL 49–31–31(1). Appellant alleges that SDCL 49–31–31(1) is unconstitutional and, in the alternative, that the facts herein do not indicate a violation of said statute. We affirm.

I.

The statute under scrutiny, SDCL 49–31–31(1), provides:

It shall be unlawful for any person to use a telephone for any of the following purposes:

(1) To call another person with intent to terrorize, intimidate, threaten, harass, or annoy such person by using any obscene or lewd language or by suggesting any lewd or lascivious act[.]

Appellant argues that the terms "obscene" and "lewd" make this provision unconstitutionally vague and overbroad. We do not agree.

A crime must be statutorily defined with definiteness and certainty. A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process. A criminal statute must give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden.

*State v. Bad Heart Bull*, 257 N.W.2d 715, 720 (S.D.1977) (citations omitted); *see State v. Havens*, 264 N.W.2d 918 (S.D.1978). Enactments of the Legislature will be upheld unless they are clearly and unmistakably unconstitutional. *Direct Auto Buying Service, Inc. v. Welch*, 308 N.W.2d 570 (S.D. 1981); *In the Interest of T.L.J.*, 303 N.W.2d 800 (S.D.1981).

*Baker v. State*, 16 Ariz.App. 463, 494 P.2d 68 (1972), involved a defendant who contended that the unlawful obscene telephone call statute of Arizona was unconstitutional due to vagueness; this statute provided in pertinent part:

[A.R.S. § 13–895] A. It shall be unlawful for any person, with intent to terrify, intimidate, threaten, harass, annoy or offend, to telephone another and use any obscene, lewd or profane language or suggest any lewd or lascivious act, or threaten to inflict injury or physical harm to the person or property of any person.

In upholding the constitutionality of A.R.S. § 13–895, the court in *Baker* stated:

The statute with which we are here concerned is not an "obscenity" statute. It is more analogous to that involved in the case of *State v. Starsky*, 106 Ariz. 329, 475 P.2d 943 (1970). There the court had under consideration A.R.S. § 13–371, which made it a crime to disturb willfully and maliciously the peace or quiet of a neighborhood, family or person by means of applying any violent, abusive or obscene epithets to another. In that case

the term "obscene" as used in the statute was attacked as being vague. The court, in upholding the statute, stated:

"But we are not here faced with the complexities of the sexual connotation of 'obscene' as used in obscenity statutes and applied to literature or the theater. Here the term is used to describe a type of 'epithet'; in other words an obscene adjective, a vulgarity, a profanity or, in plain terms—'cuss words'. It would be inane to apply the constitutional standard of *Roth*, [*Roth v. United States*, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957)] to determine if it appealed to prurient interests and even more ridiculous to seek in such activity a redeeming social value, much less any intellectual support for a protagonist's argument." 106 Ariz. at 332, 475 P.2d at 946.

It would be equally inane to interpret the word "obscene" in the context of the *Roth* standards when dealing with obscene phone calls.

We believe that we must take the normal everyday meaning of the word "obscene", in other words: Lewd, impure, filthy, offensive to modesty or decency. The state has a legitimate justifiable interest in regulating and prohibiting the intrusion into the home by means of telecommunications of those individuals who intend to terrify, harass, annoy and abuse the listener by means of the language proscribed by the statute.

*Id.* at 465, 494 P.2d at 70–71. The court in *Baker* also held that the word "profane" is not unconstitutionally vague.

In *State v. Jaeger*, 249 N.W.2d 688 (Iowa 1977), the Supreme Court of Iowa addressed the issue of whether the following statute (quoted here in pertinent part) is unconstitutionally vague:

[I.C.A. § 714.37] It shall be unlawful for any person, with intent to terrify, intimidate, threaten, harass, annoy or offend, to telephone another and use any obscene, lewd or profane language or suggest any lewd or lascivious act, or threaten to inflict injury or physical harm to the person or property of any person.

As used in the statute, the defendant in *Jaeger* urged that the words "obscene, lewd or profane" caused the statute to be void for vagueness. Relying upon and quoting extensively from *Baker v. State*, supra, the court in *Jaeger* rejected the defendant's contention and stated that the provision in question is "not an obscenity or lewdness statute [but rather] is a statute prohibiting outrageous conduct resulting in the intrusion into people's homes by means of telecommunications." * *Jaeger* at 691.

 Certainly the State has a legitimate interest in providing its citizenry with protection from perverse telephone calls. With the passage of SDCL 49–31–31(1), our Legislature intended to ban the type of unreasonable conduct which, by its very nature, erodes the peace of mind and solitude of an unsuspecting individual. Conduct of this nature is obviously not protected by the guarantees of free speech provided for in the First Amendment.

 In accord with the rationales of *Baker v. State*, supra, and *State v. Jaeger*, supra, we hold that SDCL 49–31–31(1) is not unconstitutionally vague.

### II.

 Appellant alleges that the trial court erred in finding him in violation of SDCL 49–31–31(1) in that the specific vernacular used was not "obscene or lewd." We do not agree. According to the testimony of the prosecutrix, appellant called her a "no good fucking whore," a "sleazy slut" and "slut" during the course of the telephone call. This particular oral communication on a telephone is patently offensive and base. It is the type of utterance that SDCL 49–31–31(1) was designed to prohibit.

### III.

 Advancing a novel yet unpersuasive argument, appellant contends that he was not in violation of SDCL 49–31–31(1) since he did not personally place the telephone call to the prosecutrix; rather, he came on the line after the telephonic connection had been made by a third party. SDCL 49–31–31 provides, however, that (emphasis supplied): "It shall be unlawful for any person to *use a telephone* for any of the following purposes: * * *." The fallacy of appellant's position is clear when viewed in conjunction with SDCL 22–1–1, which states that "all penal statutes are to be construed according to the fair import of their terms, with a view to effect their objects and promote justice."

The judgment of the trial court is affirmed.

All the Justices concur.

---

\* Giving weight to the specific intent element involved in their respective unlawful telephone call statutes, several other authorities have upheld similar statutes against constitutional attacks. *See State v. Zeit*, 22 Or.App. 480, 539 P.2d 1130 (1975); *Caldwell v. State*, 26 Md. App. 94, 337 A.2d 476 (1975); *Schuster v. State*, 450 S.W.2d 616 (Tex.Cr.App.1970); *Alobaidi v. State*, 433 S.W.2d 440 (Tex.Cr.App. 1968), cert. denied 393 U.S. 943, 89 S.Ct. 313, 21 L.Ed.2d 281 (1968); *State v. Godwin*, 267 N.C. 216, 147 S.E.2d 890 (1966).