NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

AMANDA DIACOS, *Petitioner/Appellee,*

*v.*

JOSH RINGWALD, *Respondent/Appellant.*

No. 1 CA-CV 23-0717 FC

FILED 01-28-2025

Appeal from the Superior Court in Navajo County
No. S0900D0201500314
The Honorable Melinda K. Hardy, Judge

**VACATED AND REMANDED**

COUNSEL

Modern Law, PLLC, Mesa
By Kylie Bigelow
*Counsel for Petitioner/Appellee*

Law Offices of Dennis G. Bassi, PLLC, Mesa
By Dennis G. Bassi
*Counsel for Respondent/Appellant*

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Angela K. Paton joined.

**F O S T E R**, Judge:

¶1        Josh Ringwald ("Father") appeals the superior court's decision to modify legal decision making, parenting time and child support. For the reasons that follow, this Court vacates the superior court's legal decision making and parenting time orders and remands for proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

¶2        Father and Amanda Diacos ("Mother") were never married and are the parents of B.R. ("Child") born in 2012. In 2015, the court entered a temporary order adopting the parties' agreement for joint legal decision making and shared parenting time. In 2020, the court entered a final order granting Father sole legal decision making authority, designating him as the primary residential parent and allowing Mother to exercise parenting time upon a request to Father. In 2023, Mother petitioned to modify legal decision making, parenting time and child support and to hold Father in contempt for violating the 2020 order.

¶3        Mother sought joint legal decision making and designation as the primary residential parent. Father filed a cross-petition to establish child support. Mother moved to invoke strict compliance with the Arizona Rules of Evidence. *See* Ariz. R. Fam. Law P. 2(a). At an evidentiary hearing, both parties testified and presented evidence including text messages, witness testimony and letters relating to their conduct.

¶4        Following the hearing, the court found Father (1) "placed barriers to Mother's exercising her parenting time" and (2) "engaged in a pattern of behavior of parental alienation whereby Father has intentionally and willfully distanced the child from Mother or has tried to turn the child against Mother." The court determined Father's conduct resulted in a significant history of domestic violence against Mother. The court concluded Father was "precluded from being awarded joint legal decision making." The court granted Mother sole legal decision making, named her the primary residential parent and awarded her child support.

¶5        This Court has jurisdiction under A.R.S. § 12-120.21(A)(1).

**DISCUSSION**

¶6            Father raises three issues on appeal. First, Father argues the court misapplied A.R.S. § 25-403.03, which governs domestic violence offenses. Next, Father argues the superior court considered exhibits not admitted into evidence and improperly admitted other evidence. Lastly, Father argues insufficient evidence supports the superior court's best interests findings.

¶7            A modification of legal decision making is reviewed for an abuse of discretion. *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019). An abuse of discretion occurs when the evidence does not support the decision or "when the court commits an error of law in the process of reaching a discretionary conclusion." *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018) (citation omitted). Questions of statutory interpretation are reviewed *de novo. Nicaise v. Sundaram*, 245 Ariz. 566, 567, ¶ 6 (2019).

I.    **The court's domestic violence finding was contrary to law.**

¶8            A court modifying legal decision making and parenting time must consider the child's best interests. A.R.S. § 25-403(A). One relevant factor is "whether there has been domestic violence or child abuse pursuant to § 25-403.03." A.R.S. § 25-403(A)(8). A court must not award joint legal decision making if it finds either "significant domestic violence" under § 13-3601 or "by a preponderance of the evidence that there has been a significant history of domestic violence." A.R.S. § 25-403.03(A). Thus, the first question a court must answer is whether any domestic violence occurred.

¶9            Domestic violence is defined under Title 13 or Title 25. *Engstrom*, 243 Ariz. at 473, ¶ 13 ("It is the Legislature's job to define what conduct constitutes 'domestic violence.'"); *see also* A.R.S. §§ 13-3601(A), 25-403.03(D). A court may find domestic violence under Title 13 when a parent's conduct meets the elements of specific criminal offenses proscribed in the statute. *See* A.R.S. § 13-3601(A). On the other hand, a court may classify conduct as domestic violence under Title 25 if it meets the elements described under § 25-403.03(D), which focuses on the harm that occurred. *See* A.R.S. § 25-403.03(D). "[N]either statutes nor case law define domestic violence as a nebulous concept subject to ad hoc facts, particularly where a parent's fundamental rights are at stake." *Engstrom*, 243 Ariz. at 473–74, ¶ 14. For this reason, courts have held that only those acts defined in § 13-3601 or those defined in § 25-403.03(D) constitute domestic violence. *See Engstrom*, 243 Ariz. at 474, ¶ 15; *see also Paredes-Gabriel v. Riva*, 1 CA-CV 18-0328 FC, 2019 WL 1959588, at *4, ¶ 18 (Ariz. App. May 2, 2019) (mem. decision) (relying on a limited definition of domestic violence found in § 25-403.03(D)).

¶10        Here, the court stated that "acts [of domestic violence] may include, *but is not limited to*, the prescribed conduct pursuant to A.R.S. § 13-3601." (Emphasis added). In support of its findings, the court cited Father exerting control, invoking fear in Mother by sending disparaging text messages and belittling Mother. But the court did not identify any conduct by Father that equated to a statutorily defined act of domestic violence. *See Engstrom*, 243 Ariz. at 474, ¶ 16.

¶11        Mother argues on appeal that sufficient evidence supports a finding of domestic violence under § 13-3601. She argues that Father's acts constituted (1) custodial interference (§ 13-1302(A)(3)) and (2) harassment (§§ 13-2916 and -2921). "Implied in every judgment, in addition to the express findings made by the court, are any additional findings necessary to sustain the judgment, if reasonably supported by the evidence and not in conflict with the express findings." *Gen. Elec. Cap. Corp. v. Osterkamp*, 172 Ariz. 191, 193 (App. 1992).

¶12        Custodial interference requires that the offending parent share joint legal custody with the other parent. A.R.S. § 13-1302(A)(3). At the time Mother petitioned to modify, Father had sole legal decision making authority. Similarly, the crime of harassment through electronic communication can occur when a person knowingly harasses another person such as by "[d]irecting any obscene, lewd or profane language or suggesting any lewd or lascivious act to the person" or "[o]therwise disturbing by repeated anonymous, unwanted or unsolicited electronic communications the peace, quiet or right of privacy of the person." A.R.S. § 13-2916(A). Harassment is defined as conduct that "would cause a reasonable person to be seriously alarmed, annoyed, humiliated or mentally distressed." A.R.S. § 13-2921(E). The statute requires the harassing acts cause such effect or effects. *Id.* While the record demonstrates that Mother was distressed over communications with Father, the court's findings do not establish the elements, including Father's intent, were reasonably supported by the evidence presented at trial. *See Engstrom*, 243 Ariz. at 473, ¶ 13 ("[A]cting in a controlling manner might be distasteful, but those actions do not necessarily support the legal conclusion that [Father] is a perpetrator of domestic violence."); *see also Baker v. State*, 16 Ariz. App. 463, 467 (1972) ("It is not rational to assume that merely because a person uses obscene, lewd or profane language over the telephone one can conclude the person is doing so with the intent proscribed by the statute."). Because the record does not show the elements of these crimes were established, this Court will not infer the superior court made such findings.

¶13        For these reasons, the court's orders on legal decision making and parenting time are vacated and remanded. On remand, the superior court must consider whether Father's conduct amounted to a statutorily defined act of domestic violence as defined by § 13-3601 or § 25-403.03(D). *See Engstrom*, 243 Ariz.

at 474, ¶ 16. If the superior court determines that Father's conduct amounted to domestic violence pursuant to statute, the court must then determine whether it was "significant violence pursuant to § 13-3601" or whether a "significant history of domestic violence" existed to preclude Father from an award of joint legal decision making. A.R.S. § 25-403.03(A). If domestic violence occurred but was not "significant" to preclude joint legal decision making, the court must determine whether the "act of domestic violence," as defined in § 25-403.03(D), provides a rebuttable presumption that joint legal decision making is contrary to the child's best interests. A.R.S. § 25-403.03(D). If the requirements of § 25-403.03(D) are met, then Father must be provided with an opportunity to rebut the presumption. A.R.S. § 25-403.03(E).

## II. Other considerations on remand.

**¶14** Father challenges the court's decision on several grounds distinct from the domestic-violence issue. This Court addresses these arguments insofar as they may affect the issues on remand.

### A. Exhibit 7

**¶15** Father argues the court improperly overruled his objection to Exhibit 7, which contained text messages between the parties that Father claimed were incomplete, under Arizona Rule of Evidence ("Rule") 106. Ariz. R. Evid. 106 (an adverse party may require introduction of any other relevant part of a statement that a party introduces for fairness considerations). This Court "will not disturb [a superior court's] evidentiary ruling absent a clear abuse of discretion and resulting prejudice." *Johnson v. Provoyeur*, 245 Ariz. 239, 241–42, ¶ 8 (App. 2018).

**¶16** Rule 106 does not require the admission of the entirety of a piece of evidence but "only the portion of a statement 'necessary to qualify, explain or place into context the portion already introduced.'" *State v. Buccheri-Bianca*, 233 Ariz. 324, 333, ¶ 34 (App. 2013) (quoting *State v. Cruz*, 218 Ariz. 149, 162, ¶ 58 (2008)). Here, Father did not deny the accuracy of the admitted texts. Father could have cured any incompleteness by admitting his own Exhibit D, which was his characterization of the parties' correspondence, as listed in his pretrial statement. *See State v. Copeland*, 253 Ariz. 104, 119, ¶ 42 (App. 2022) (the court does not abuse its discretion when it includes necessary exhibits nor when a party fails to introduce evidence to provide context). Thus, the court did not abuse its discretion in admitting Exhibit 7.

### B. Exhibits 2 and 3

**¶17** Father also argues the court committed fundamental error by considering Exhibit 2, a summary of Mother's adult daughter's observations of

Mother and Father's relationship, which was not admitted at trial, and relying on Exhibit 3, an aunt's observations of her relationship with Child, which he claims is hearsay. But this Court assumes on remand that the superior court will not consider evidence that was not admitted.

### III. Best interests factors and child support.

**¶18** Father challenges the court's best interests findings as to factors two (interaction and interrelationship with the child's parent and extended family); three (child's adjustment to home, school and community); four (the wishes of the child, if the child is of suitable age and maturity); five (mental and physical health of all individuals involved); six (which parent is likely to allow the child frequent, meaningful and continuing contact with the other parent); seven (whether one parent intentionally misled the court for preference) and eight (whether there has been domestic violence or child abuse). A.R.S. § 25-403(A)(2)–(8). Given that the court's domestic violence finding was error, the court must make new best interests findings on remand. *See DeLuna*, 247 Ariz. at 425, ¶ 22 (superior court should require parties on remand to "present updated information" regarding best interests findings). For this reason, this Court does not address Father's arguments.

**¶19** Father also argues that the court's order as to child support was in error. To the extent that any new findings or orders may impact the current parenting time and child support orders, the parties may request a review of the child support order.

### IV. Attorneys' Fees.

**¶20** Father requests his costs and attorneys' fees for this appeal pursuant to §§ 25-324(A) and -415(A)(2). Although § 25-324(A) applies in dissolution actions and post-dissolution proceedings, under "chapter 4, article 1 of [Title 25]," including A.R.S. § 25-403, the award is discretionary. A.R.S. § 25-324(A); *see also Cummings v. Cummings*, 182 Ariz. 383, 388 (App. 1994) (citation omitted). Father's request for attorneys' fees is denied. Section 25-415 governs sanctions for litigation misconduct. As there is no evidence that Mother presented false claims or violated a court order, § 25-415 does not apply. As the successful party on appeal, however, this Court awards Father his costs pursuant to § 12-341, upon his compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

**¶21** For the reasons above, this Court vacates the findings of domestic violence and orders regarding legal decision making and parenting time and remands for further findings and decisions consistent with this decision.

