**STATE of Iowa, Appellee,**

v.

**James Allen RYAN, Appellant.**

**No. 92–633.**

Supreme Court of Iowa.

June 16, 1993.

Linda Del Gallo, State Appellate Defender and Ahmet Gonlubol, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Douglas R. Marek, Asst. Atty. Gen., Thomas S. Mullin, County Atty., and Mark Campbell, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO, and ANDREASEN, JJ.

LAVORATO, Justice.

The jury convicted the defendant of failure to affix a drug tax stamp. *See* Iowa Code § 421A.12 (1991).[1] In his appeal the defendant urges that chapter 421A violates the federal Constitution on three grounds: (1) it is overbroad, (2) it is vague, and (3) it compels testimony against himself. U.S. Const. amends. XIV, V. We affirm.

An Iowa conservation officer saw a car parked on a rural county access road. The officer drove up to the car and as he approached it, he saw the defendant, James Allen Ryan, standing nearby. Ryan was holding a sack and picking the seed tops off some nearby plants.

While the officer was stopping his car, Ryan got into his own. Upon the officer's request, Ryan exited the car. The officer asked Ryan for the paper sack. Ryan handed him a flat, unwrinkled sack. The officer expressed doubts that this was the same sack he had seen Ryan filling moments before. Ryan replied that when he saw the officer approach him, he emptied the sack.

The officer looked inside Ryan's car and saw a rifle scope. At this point the officer asked Ryan to open the trunk, which he did. The officer saw several marijuana plants inside the trunk. He also found a sack containing seed tops from marijuana plants.

After back up help arrived, the officer searched the car itself and found a second sack containing marijuana plant seed tops. None of these items bore any indicia that the drug excise tax had been paid.

The county attorney charged Ryan in two counts: (1) failing to affix a drug tax stamp and (2) possession of a controlled substance. *See* Iowa Code §§ 421A.12; 204.401(3). (Eventually the possession offense was dismissed and submitted as a lesser included offense of the drug tax stamp offense.)

Ryan raised the three constitutional issues he urges here in a pretrial motion to dismiss which was overruled. Shortly before trial, a renewed motion on the same grounds was likewise overruled.

Following Ryan's conviction of the drug tax stamp offense, the district court sentenced him to an indeterminate term not to exceed five years. *See* Iowa Code §§ 421A.12, 902.9(4). Ryan's appeal followed.

I.  *Scope of Review.*

■  Because constitutional issues are raised, our review is de novo. *State v. Fox,* 491 N.W.2d 527, 530 (Iowa 1992); Iowa R.App.P. 4.

II.  *The Constitutional Issues.*

■  Statutes are presumed constitutional. *Kelly v. Sinclair Oil Corp.,* 476 N.W.2d 341, 348 (Iowa 1991). This presumption places a heavy burden on the one challenging the constitutionality of a statute. *State v. Mehner,* 480 N.W.2d 872, 878 (Iowa 1992). To uphold a statute we engage in any reasonable construction of it. *Id.*

■  A.  *Overbreadth.*  A statute is overbroad in violation of the Fourteenth Amendment

if it attempts to achieve a governmental purpose to control or prevent activities constitutionally subject to state regulation by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms.

*City of Maquoketa v. Russell,* 484 N.W.2d 179, 181 (Iowa 1992) (citation omitted).  In

---

1.  Chapter 421A was transferred in its entirety to chapter 453B in the 1993 Iowa Code. All references in this opinion are to chapter 421A, in effect at the time this cause of action arose.

addition, overbreadth analysis is confined to an alleged denial of First Amendment rights. *Id.*

■ The problem here is that Ryan fails to show how chapter 421A is overbroad or what First Amendment right is denied. For these reasons, we have nothing to review and we consider this issue waived. *See State v. Lee,* 315 N.W.2d 60, 61 (Iowa 1982).

B. *Vagueness.* Under the due process clause of the Fourteenth Amendment a statute is void for vagueness if it

> forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.

*Lee,* 315 N.W.2d at 62 (citation omitted). A criminal statute "must give a person of ordinary intelligence fair warning of what is prohibited, and, in order to avoid arbitrary and discriminatory enforcement, it must provide an explicit standard for those who apply it." *State v. Speck,* 242 N.W.2d 287, 290 (Iowa 1976).

■ Several provisions in chapter 421A provide fair warning of what is forbidden or required. Iowa Code section 421A.3 forbids a dealer from possessing a taxable substance unless the *tax has been paid.* The same provision requires that the indicia (stamp, label, or other official indicia) evidencing the payment of the tax must be affixed to the taxable substance at the *time of possession* or *immediately thereafter.* For marijuana, the tax is $5 for each gram or portion of a gram. *See* Iowa Code § 421A.7(1). The indicia evidencing payment of the tax must be obtained and purchased from the Iowa department of revenue and finance. *See* Iowa Code § 421A.8. Section 421A.12 forbids a dealer from possessing taxable substances without affixing the appropriate stamps, labels, or other official indicia.

As Ryan points out, the department had not, by the time Ryan was arrested, formulated rules it deemed necessary to enforce these provisions. *See* Iowa Code § 421A.2 ("The director may adopt rules under chapter 17A that are necessary to enforce this chapter. The director shall adopt a uni-

form system of providing, affixing, and displaying official stamps, labels, or other official indicia for taxable substances."). From this Ryan concludes he had no way of knowing how to comply with the law. Contrary to Ryan's conclusion, we think the Iowa Code provisions sketched out above did provide him such knowledge. We see no constitutional infirmity based on vagueness in chapter 421A.

■ C. *Self-incrimination.* Our decision in *State v. Godbersen,* 493 N.W.2d 852, 857 (Iowa 1992) disposes of Ryan's argument that chapter 421A compels disclosure of protected information in violation of the Fifth Amendment. As we held in *Godbersen,* the statute and administrative rules implementing it contain adequate safeguards against self-incrimination.

III. *Disposition.*

In sum, Ryan waived his overbreadth challenge and failed to establish his other two constitutional challenges to chapter 421A—vagueness and violation of his right against self-incrimination. For these reasons, we hold that the district court correctly overruled Ryan's motions to dismiss in which he raised these issues.

Finding no error, we affirm.

**AFFIRMED.**