**STATE of Iowa, Appellee,**

v.

**Kenneth WHITE, Appellant.**

**No. 95–710.**

Supreme Court of Iowa.

March 20, 1996.

Michael R. Stowers of Babich, McConnell & Renzo, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Susan M. Crawford, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kim Griffith, Assistant County Attorney, for appellee.

TERNUS, Justice.

Defendant, Kenneth White, was convicted of violating Iowa Code section 453B.12 (1993) when he delivered cocaine that did not have affixed to it the required drug tax stamps. *See* Iowa Code §§ 453B.3, .7, .12 (1993). White challenges his conviction claiming chapter 453B gives him a reasonable time following his possession of the cocaine to obtain and affix the tax stamps. We disagree with White's interpretation of chapter 453B and so affirm his conviction.

## I. *Background Facts and Proceedings.*

White was charged by trial information with three counts of delivery of cocaine base and two counts of failure to affix a drug tax stamp. *See* Iowa Code §§ 124.401(1)(c), 453B.12 (1993). He pleaded not guilty.

White then sought dismissal of the tax stamp charges claiming (1) the State failed to allege that White did not "immediately" affix the stamp, and (2) chapter 453B is unconstitutionally vague. He also filed a bill of particulars asking the court to order the State to specify how it intended to prove that White failed to affix the tax stamps "immediately"

after he acquired the drugs. The district court denied both motions.

Subsequently, White withdrew his not guilty plea and pleaded guilty to all charges pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The court sentenced him to concurrent terms of ten years for each delivery conviction and five years for each tax stamp conviction. White appeals the district court's rulings on his motion to dismiss and his motion for bill of particulars.

## II. *Preservation of Error.*

■ We have stated on numerous occasions that a guilty plea waives all defenses "except that the indictment or information charges no offense." *State v. Kulish,* 260 Iowa 138, 143, 148 N.W.2d 428, 432 (1967); *accord State v. Jaeger,* 249 N.W.2d 688, 690 (Iowa 1977); *State v. Everhart,* 243 N.W.2d 574, 575 (Iowa 1976); 21 Am.Jur.2d *Criminal Law* § 490, at 807 (1981) (plea of guilty does not preclude a defendant from claiming that the facts in the accusatory pleading do not constitute a crime). In *Jaeger,* the defendant filed a demurrer to a charge of unlawful use of a telephone, claiming Iowa Code section 714.37 (1975) was unconstitutionally vague and overbroad. *Jaeger,* 249 N.W.2d at 689. After his demurrer was overruled, he pled guilty to the charge and appealed. *Id.* We held his guilty plea did not waive his constitutionality challenge:

> We hold that if an indictment or county attorney's information facially shows a charge on which the State may not constitutionally prosecute, then a plea of guilty subsequent to an adverse ruling on a demurrer does not waive the claimed unconstitutionality as "no offense is stated."

*Id.* at 690.

■ This narrow exception to our normal error preservation rule applies to White's motion to dismiss because he claims the trial information did not allege a crime for two reasons: (1) it did not include an essential element of a section 453B.12 offense—that the defendant failed to affix the tax stamps "immediately"; and (2) chapter 453B is unconstitutionally vague. Although White's motion for bill of particulars rested on the same premise, that "immediately" is an element of the offense, we decline to expand prior holdings to encompass this motion. Therefore, we review only the court's ruling on White's motion to dismiss.

## III. *Scope of Review.*

■ We review a challenge to the sufficiency of the trial information for errors at law. *State v. Grice,* 515 N.W.2d 20, 22 (Iowa 1994). Issues of statutory construction are also reviewed for errors of law. *State v. Ahitow,* 544 N.W.2d 270, 272 (Iowa 1996). However, we review White's constitutional claim de novo. *State v. Huisman,* 544 N.W.2d 433, 436 (Iowa 1996).

## IV. *Elements of Failure to Affix a Drug Tax Stamp.*

White argues an element of the offense of failure to affix a drug tax stamp is that the defendant "failed to affix stamps within a reasonable time." He bases this argument on the assertion that chapter 453B's reference to affixing the tax stamps "immediately" means the stamps need not be affixed instantly but rather at some later time. White claims the trial information failed to include this "within a reasonable time" element and therefore, did not allege a crime under chapter 453B. In considering White's claim, it is necessary to briefly review the statutory scheme of this chapter.

Iowa Code section 453B.7 imposes an excise tax on dealers. Iowa Code § 453B.7 (1993). This tax is "due and payable *immediately* upon manufacture, production, acquisition, purchase, or possession by a dealer." *Id.* § 453B.3 (emphasis added). Section 453B.3 also states the dealer "shall not possess, distribute, or offer to sell a taxable substance unless the tax imposed under this chapter *has been paid* as evidenced by a stamp, label, or other official indicia permanently affixed to the taxable substance." *Id.* (emphasis added). It also provides that in situations where the stamp has not already been affixed, "the dealer shall have the [stamp] permanently affixed on the taxable substance *immediately after* receiving the taxable substance." *Id.* (emphasis added).

Section 453B.12 sets forth the civil and criminal penalties for any violation of chapter 453B:

> A dealer who violates this chapter is subject to a penalty equal to the amount of the tax imposed by section 453B.7, in addition to the tax imposed by that section. The dealer shall pay interest on the tax and penalty at the rate in effect under section 421.7, counting each fraction of a month as an entire month, computed from the date of assessment through the date of payment. The penalty and interest shall be collected as part of the tax.
>
> In addition to the civil tax penalty and interest imposed by this section, a dealer distributing, offering to sell, or possessing taxable substances without affixing the appropriate stamps, labels, or other official indicia is guilty of a class "D" felony.

Iowa Code § 453B.12 (1993). To determine the elements of an offense, we examine the statute defining it. *State v. Welch*, 507 N.W.2d 580, 582 (Iowa 1993). Thus, we look to section 453B.12 to identify the elements of failure to affix a drug tax stamp.

■ The essential elements of this offense are (1) the defendant is a dealer,[1] (2) who unlawfully possesses, distributes or offers to sell, (3) a taxable substance,[2] (4) without affixing a stamp, label, or other official indicia evidencing the tax imposed by chapter 453B has been paid. *See State v. Gallup*, 500 N.W.2d 437, 442 (Iowa 1993). As a listing of these elements illustrates, section 453B.12 does not use the word "immediately," nor does the statute give the dealer a grace period after the dealer possesses, distributes, or offers to sell the substance within which to affix the stamp.

■ Nevertheless, White notes section 453B.3 imposes an obligation upon the dealer to pay the tax "immediately," and requires a dealer receiving a taxable substance without a tax stamp to affix a stamp "immediately

after" obtaining the substance. He claims the word "immediately" gives a dealer a reasonable time to pay the tax and affix the stamps *after* the dealer comes into possession of the substance. In contrast, White points out, section 453B.12 makes the mere possession of a taxable substance without a tax stamp a crime, without considering whether the defendant had a reasonable opportunity to affix the stamp.

White claims these differences create a conflict between sections 453B.3 and 453B.12, resulting in an ambiguity in section 453B.12. Because the statute is ambiguous, he argues, we must construe it narrowly, criminalizing only the failure to pay the tax and affix the stamp within a reasonable time after the regulated transaction. *See State v. Byers*, 456 N.W.2d 917, 919 (Iowa 1990) ("Statutes that are penal in nature are to be strictly construed, with any doubt resolved against the State and in favor of the accused."). We conclude there is no conflict between section 453B.3 and section 453B.12 because neither statute gives a dealer time after the prohibited transaction to pay the tax and affix the stamp. We base this conclusion on our interpretation of the word "immediately" as used in section 453B.3.

■ Ambiguity exists when reasonable minds differ or are uncertain as to the meaning of a statute. *Ahitow*, 544 N.W.2d at 272. To determine whether reasonable minds disagree, we examine the text and structure of the law as a whole, giving effect to its object and purpose. *Id.*; *American Asbestos Training Ctr., Ltd. v. Eastern Iowa Community College*, 463 N.W.2d 56, 58 (Iowa 1990); *see also* Iowa Code § 4.1(38) (1995) ("Words and phrases shall be construed according to the context and the approved usage of the language. . . ."). When examining a statutory term, we give words their ordinary meaning, absent any legislative definition or particular meaning in the law. *State v. Romeo*,

1. The word "dealer" is defined in chapter 453B to include "any person who ships, transports, or imports into this state or acquires, purchases, possesses, manufactures, or produces in this state" specified amounts of "taxable substances." Iowa Code § 453B.1(3) (1993).

2. The term "taxable substance" is defined as "a controlled substance, a counterfeit substance, a simulated controlled substance, or marijuana, or a mixture of materials that contains a controlled substance, counterfeit substance, simulated controlled substance, or marijuana." Iowa Code § 453B.1(9) (1993).

542 N.W.2d 543, 548 (Iowa 1996). The dictionary is an acceptable source for the common meaning of a word. *Id.*

The word "immediately" is defined as "without interval of time: without delay." Webster's Third New Int'l Dictionary 1129 (1993). We cannot find in the ordinary meaning of the word "immediately" any support for White's argument that it means "within a reasonable time."

Nor does the context within which this word is used imply a different meaning. Section 453B.3 prohibits a dealer from possessing, distributing or offering to sell a taxable substance unless the drug tax *"has been paid* as evidenced by [the appropriate] stamp." Iowa Code § 453B.3 (1993) (emphasis added). This language envisions the tax will have been paid prior to the time the dealer engages in one of the listed transactions. Thus, requiring the stamp be affixed without delay is consistent with payment of the tax before possession, distribution or offering to sell. If the dealer has already paid the tax, the dealer will have the necessary stamps to affix them prior to or at the time of the transaction.

Additionally, the administrative rules implementing this section support an interpretation that the tax stamps must be affixed instantly. *See* Iowa Code § 453B.2 (1993) (requiring the director of revenue and finance to "adopt a uniform system of providing, affixing, and displaying official stamps, labels, or other official indicia for taxable substances"). These rules authorize the sale of stamps to members of the public, note that stamps are valid for six months from the date of issuance, provide that persons purchasing stamps need not identify themselves, and prohibit any person in the department of revenue and finance from revealing information obtained from a stamp purchaser in a criminal proceeding except in a proceeding involving taxes due under chapter 453B. Iowa Admin.Code r. 701–91.2 (1991). Additionally, a purchaser of stamps may receive a refund for any unused stamps for up to thirty days after the expiration date indicated on the stamp. *Id.* r. 701–91.3.

Clearly this administrative system contemplates that stamps will be purchased prior to the regulated transaction. Moreover, because tax stamps may be purchased at any time and refunds may be obtained on unused stamps without any fear of reprisal, the need for a window of opportunity to purchase tax stamps and affix them after the transaction does not exist. Thus, it is not impossible to comply with the statute if it is interpreted to require that the tax stamps be affixed at the very time of acquisition. *See White v. State,* 900 P.2d 982, 988 (Okla.Crim.App.1995) (rejecting impossibility argument); *Hyatt v. State Dep't of Revenue,* 597 So.2d 716, 719 (Ala.Civ.App.1992) (finding impossibility argument "spurious").

Finally, the instantaneous definition of "immediately" is also supported by analogous statutes and rules: where the legislature wishes to grant a grace period for obtaining tax stamps, it has explicitly provided such a period. For example, both the Iowa Code and the Iowa Administrative Code state that every package of cigarettes must be stamped "within forty-eight hours." *See* Iowa Code § 453A.10 (1995); Iowa Admin.Code r. 701–82.8 (1994).

White also claims our decision in *State v. Ryan,* 501 N.W.2d 516 (Iowa 1993), supports his interpretation. In *Ryan,* we said section 453B.3 requires the stamp be "affixed to the taxable substance at the *time of possession* or *immediately thereafter." Ryan,* 501 N.W.2d at 518. This statement was based in part on the dealer's obligation under section 453B.3 to affix a stamp "immediately after" receiving a taxable substance if a stamp has not previously been affixed. Our statement in *Ryan* and our holding here are not inconsistent. *Ryan* simply recognized that a dealer cannot put a stamp on a taxable substance until the dealer receives the substance; hence, the obligation is imposed "after" receipt of the substance. Section 453B.3 does not state that affixing the tax stamp *anytime* after receipt is sufficient; to the contrary, the stamp must be affixed *"immediately"* after receipt.

In summary, the word "immediately" as used in section 453B.3 means without delay. Consequently, sections 453B.3 and 453B.12 are not inconsistent: both require that tax

stamps be affixed to the taxable substance prior to or at the time of the transaction. No grace period or window of opportunity is provided to allow the payment of tax and affixation of the tax stamp within a reasonable time following the transaction. Therefore, the trial information properly alleged the crime of failure to affix a tax stamp even though it did not include the word "immediately."

### V. *Vagueness Claim.*

 A statute is void for vagueness under the Due Process Clause of the Fourteenth Amendment if it requires an act "in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *State v. Lee,* 315 N.W.2d 60, 62 (Iowa 1982). White claims section 453B.12 is unconstitutionally vague because a reasonable person would not know the time frame encompassed by the term "immediately." We presume the statute is constitutional. *Ryan,* 501 N.W.2d at 518. Thus, White bears a heavy burden to show the statute "clearly, palpably, and without a doubt, infringes the constitution." *See State v. Duncan,* 414 N.W.2d 91, 95 (Iowa 1987); *accord Ryan,* 501 N.W.2d at 517.

In *Ryan,* we rejected a void for vagueness challenge to chapter 453B. *Ryan,* 501 N.W.2d at 518. In that case, the defendant argued he had no way of knowing how to comply with the statute because the implementing regulations had not yet been promulgated. *Id.* We reviewed the requirements of sections 453B.3 and 453B.12 and concluded they provide a person fair warning of the prohibited conduct. *Id.* Although the precise argument made by White was not advanced in *Ryan,* we have no reason to deviate from that decision here.

 We think a person of ordinary intelligence would understand the word "immediately" in its common meaning—without delay. Therefore, such a person would have fair notice that a dealer does not have a reasonable time after a transaction to affix the tax stamps; rather, a dealer must have the tax stamps in his or her possession so they can be affixed at the very moment of the transaction, without delay or any lapse of time. Neither section 453B.3 nor section 453B.12 is unconstitutionally vague.

**AFFIRMED.**