STATE of Iowa, Plaintiff–Appellee,

v.

**Paul Justin OPPERMAN, Defendant–Appellant.**

No. 11–2090.

Court of Appeals of Iowa.

Dec. 12, 2012.

---

**6.** The guardian ad litem also recommended termination.

Mark C. Smith, State Appellate Defender, David A. Adams, Assistant Appellate Defender, and Laurie Heron, Student Intern, for appellant.

Thomas J. Miller, Attorney General, Julia Kim, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Nicholas G. Maybanks, Assistant County Attorney, for appellee.

Considered by VOGEL, P.J., and DANILSON and MULLINS, JJ.

VOGEL, P.J.

The defendant, Paul Justin Opperman, appeals the judgment and sentence entered following a trial on the minutes of testimony and a verdict of guilty on the charge of arson in the second degree, a class C felony, in violation of Iowa Code sections 712.1 and 712.3 (2011). He argues that Iowa Code section 712.1(2) is an unconstitutional, strict liability statute. The State responds by claiming error was not preserved, and in the alternative, the statute is constitutionally sound.

## I. Background Facts and Proceedings

On April 11, 2011, a fire broke out in a Hiawatha apartment. First responders, including firefighters and police officers, noted the presence of items that might indicate the apartment was used to manufacture methamphetamine. Opperman had been present in the apartment when the fire started. A search warrant was obtained and significant methamphetamine manufacturing supplies were found.

Opperman was charged on May 4, 2011, with arson in the first degree, specifically that he "cause[d] a fire in an apartment building ... in which the presence of others could be anticipated, while attempting to manufacture methamphetamine." On August 11, Opperman filed a motion to dismiss, arguing Iowa Code section 712.1(2) is an unconstitutional, strict liabili-

ty statute. The district court denied the motion on October 17. On November 2, the State filed an amended and substituted trial information charging Opperman with arson in the second degree rather than first degree as originally charged. On that same day, a stipulated trial on the minutes of testimony was held, and the district court found Opperman guilty of arson in the second degree. He was sentenced to a term of imprisonment not to exceed ten years. Opperman now appeals reasserting that section 712.1(2) is unconstitutional.

## II. Issue Preservation

█ The State briefly mentions that this issue has not been preserved for our review because Opperman did not renew his motion to dismiss after the amended and substituted trial information was filed. For an issue to be preserved the objectives of the error-preservation rules must be accomplished: challenges must be raised at the earliest possible point, opposing counsel must have notice and the opportunity to be heard, and the district court must have the opportunity to consider and pronounce a ruling on the issue. *State v. Mann*, 602 N.W.2d 785, 790 (Iowa 1999) (holding that even when the exact technicalities of error preservation do not occur, the objectives of error preservation can be met and the appellate court can find error was adequately preserved).

█ In this case, when the trial information was amended seven minutes before the commencement of the bench trial, the State lessened the charge from first-degree arson to second-degree arson. The State offers no explanation as to why Opperman's strict liability challenge would be any different with regard to the reduced charge when the State was relying on the same definition of arson, Iowa Code section 712.1(2), in both its original and amended trial informations. Applying the objectives of our error-preservation rules, we find the issue was properly preserved.

## III. Strict Liability

█ Opperman argues Iowa Code section 712.1(2) is an unconstitutional, strict liability criminal statute, in violation of both the Fourteenth Amendment of the United States Constitution and Article 1, section 9 of the Iowa Constitution.[1] Our review of this constitutional challenge is de novo. *State v. Osmundson*, 546 N.W.2d 907, 909 (Iowa 1996). Statutes are given a strong presumption of constitutionality. *State v. Ryan*, 501 N.W.2d 516, 517 (Iowa 1993). This presumption places a heavy burden on the one challenging the constitutionality of a statute. *State v. Mehner*, 480 N.W.2d 872, 878 (Iowa 1992).

█ It is a bedrock principle of the criminal justice system that, almost without exception, one is required to have some level of culpability before being subjected to criminal sanctions. *State v. Casey's Gen. Stores, Inc.*, 587 N.W.2d 599, 601 (Iowa 1998). The question, therefore, is whether "arson" under Iowa Code section 712.1(2) requires criminal intent.[2]

---

1. Although we have discretion to consider a different standard under our state constitution, neither party suggests a different analysis or offers any reasons for a separate analysis. *See State v. Dewitt*, 811 N.W.2d 460, 467 (Iowa 2012).

2. Public welfare offenses are crimes in which intent need not be proven. *Morissette v. United States*, 342 U.S. 246, 255, 72 S.Ct. 240, 96

L.Ed. 288 (1952). Under the standards set forth in *Morissette*, three criteria must be met before criminal sanctions may be imposed in crimes considered public welfare offenses. *Id.* at 256, 72 S.Ct. 240. They are as follows: (1) the penalty must be slight, (2) the conviction must not carry a damaging stigma, and (3) the conduct must at least rise to the level of common-law negligence. *Id.* On appeal,

■■ Whether criminal intent or guilty knowledge is an essential element of a statutory offense may be "determined as a matter of construction from the language of the act, in connection with its manifest purpose and design." *State v. Conner,* 292 N.W.2d 682, 685 (Iowa 1980). Applying this rule, our supreme court has frequently implied a criminal intent element, although none appeared on the face of the statute. *Id.* When the language of the act gives no indication the legislature intended to remove the criminal intent element and create a strict liability offense, criminal intent is inferred, and the act passes muster. *State v. Johnson,* 534 N.W.2d 118, 126–27 (Iowa Ct.App.1995). It must be a "clear statement" from the legislature that a criminal intent is not required. *Id.* at 126.

Iowa Code section 712.1 contains two definitions of arson, with the first subsection containing the traditional definition of arson, and the second subsection, added in 2004, providing:

> Causing a fire or explosion that damages or destroys property while manufacturing or attempting to manufacture a controlled substance in violation of section 124.401 [3] is arson. Even if a person who owns property which the defendant intends to destroy or damage, or which

the defendant knowingly endangers, consents to the defendant's act, and even if an insurer has not been exposed fraudulently to any risk, and even if the act was done in such a way as not to unreasonably endanger the life or property of any person, the act constitutes arson.

The State asserts that section 712.1(2) is not a strict liability statute because the State must still prove the requisite mens rea for the offense of manufacturing methamphetamine under Iowa Code section 124.401 in order to prove arson. We agree. The element of intent focuses on the intent to manufacture or attempt to manufacture an illegal substance, not the intent to cause a fire or intent to unreasonably endanger life or property. Rather, the clear legislative purpose is to hold a defendant criminally liable for arson when a fire is caused as a result of engaging in the proscribed activity of section 124.401. Furthermore, there are multiple other statutes that take the same approach the legislature used here to enhance the penalty for an underlying act because of the result of the intended act: felony murder (section 707.2(2)),[4] child endangerment murder (section 707.2(5)),[5] homicide by ve-

---

neither party argues that Iowa Code section 712.1 is a public welfare offense.

3. Iowa Code § 124.401 provides, in part:
   1. Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with the intent to manufacture or deliver, a controlled substance, a counterfeit substance, or a simulated controlled substance, or to act with, enter into a common scheme or design with, or conspire with one or more other persons to manufacture, deliver, or possess with the intent to manufacture or deliver a controlled substance, a counterfeit substance, or a simulated controlled substance.

4. "A person commits murder in the first degree when the person commits murder under

any of the following circumstances:.... 2. The person kills another person while participating in a forcible felony." Iowa Code § 707.2(2).

5. A person commits murder in the first degree when the person commits murder under any of the following circumstances:

   ....
   5. The person kills a child while committing child endangerment under section 726.6, subsection 1, paragraph "b", or while committing assault under section 708.1 upon the child, and the death occurs under circumstances manifesting an extreme indifference to human life. Iowa Code § 707.2(6).

hicle (section 707.6(A)),[6] and involuntary manslaughter by public offense (section 707.5(1)).[7] Statutes such as these that allow for the mens rea requirement of the underlying act to satisfy the mens rea requirement of the enhanced act have been found constitutional, and we see no reason to depart from this reasoning for section 712.1. *See State v. Nowlin,* 244 N.W.2d 596, 605 (Iowa 1976) (finding the felony murder rule constitutional because the State must still prove every element, including the element of intent in the underlying crime, to enhance the degree of murder).

## IV. Conclusion

Opperman has not overcome the strong presumption of constitutionality that is afforded statutes in our state. We find that section 712.1(2) does have a criminal intent element: to knowingly manufacture or attempt to manufacture a controlled substance in violation of section 124.401.

**AFFIRMED.**

---

6. "A person commits a class "B" felony when the person unintentionally causes the death of another by operating a motor vehicle while intoxicated, as prohibited by section 321 J.2." Iowa Code § 707.6A.

7. "A person commits a class "D" felony when the person unintentionally causes the death of another person by the commission of a public offense other than a forcible felony or escape." Iowa Code § 707.5(1).