# IN THE COURT OF APPEALS OF IOWA

No. 13-1110
Filed October 15, 2014

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**ALEKSANDAR CIRIC,**
 Defendant-Appellant.

_____

 Appeal from the Iowa District Court for Polk County, Christopher L. McDonald (motion to dismiss) and Rebecca Goodgame Ebinger (sentencing), Judges.


 Defendant appeals his convictions and sentences for burglary in the third degree and theft in the third degree. **AFFIRMED.**


 Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

 Aleksandar Ciric, Des Moines, appellant pro se.

 Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, John Sarcone, County Attorney, and David Porter, Assistant County Attorney, for appellee.

 Considered by Vogel, P.J., Doyle, J., and Sackett, S.J.*  McDonald, J., takes no part.

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**SACKETT, S.J.**

Defendant Aleksandar Ciric appeals his convictions and sentences for burglary in the third degree and theft in the third degree. We conclude the court did not rely upon impermissible reasons for the sentences. We conclude Ciric has failed to preserve error on his claims regarding the district court's ruling on his motion to dismiss. We affirm Ciric's convictions and sentences.

## I.   Background Facts & Proceedings

Aleksandar Ciric was charged by trial information with burglary in the third degree and theft in the second degree. The State alleged that on March 4, 2013, Ciric and two associates broke into a home in Urbandale, Iowa, and stole tools, jewelry, and a laptop computer. Ciric was on probation for criminal mischief at the time of the offense, and the State also sought to revoke his probation.

Ciric filed a pro se motion to dismiss, claiming the trial information was improper because it had not been approved by a judge and it was untimely. The court denied his motion to dismiss.

On June 26, 2013, Ciric entered into a plea agreement in which he agreed to plead guilty to third-degree burglary and third-degree theft. The State agreed to recommend concurrent sentences on these charges and that the sentences would run concurrent to Ciric's sentence in the probation revocation matter, and agreed not to file additional charges against him. The court agreed to be bound by the plea agreement.

During the plea proceedings, when Ciric was attempting to provide a factual basis for his plea, he stated one of his associates "put a knife under my

throat and he told me to drive over there." When questioned by the court he stated he was forced to drive to the scene of the offenses. The court determined Ciric had not provided a factual basis for the plea and a recess was taken.

A few minutes later the proceedings resumed. The court informed Ciric it was no longer bound by the plea agreement, and his sentences could be consecutive rather than concurrent. Ciric agreed to proceed with his guilty plea. At that time he provided a factual basis for his guilty pleas and acknowledged no one held a knife to his throat. The court accepted Ciric's guilty pleas to third-degree burglary and third-degree theft. Ciric also admitted he had violated his probation.

Ciric requested immediate sentencing on his guilty pleas and the probation revocation. The State and Ciric made recommendations for sentencing as provided in the plea agreement. The court sentenced Ciric to five years in prison on the charge of third-degree burglary and two years on the charge of third-degree theft, to be served concurrently. Ciric was sentenced to two years in prison in the probation revocation on the criminal mischief charge, to be served consecutively to the other sentences, giving him a total of seven years in prison.

The next day, on June 27, 2013, another hearing was held because the court and parties realized Ciric was facing five years in prison on the criminal mischief charge, rather than two years. The court gave Ciric the option of being resentenced to five years in prison on the criminal mischief charge, giving him a total of ten years in prison, or being resentenced to make the third-degree

burglary and third-degree theft sentences consecutive and the criminal mischief sentence would be concurrent, still giving him seven years in prison. Ciric chose the latter option, so that the third-degree burglary and third-degree theft sentences were made consecutive. Ciric now appeals his convictions and sentences.

## II.     Sentences

Ciric claims the court relied upon impermissible factors in making his sentences consecutive. He asserts the court should not have considered the false statements he made about a knife being held to his throat. He argues he retracted the statements within a few minutes after they were made, and therefore, his statements would not support a charge of perjury under section 720.2 (2013).

In the present case, whether or not Ciric's statements were sufficient to support a conviction for perjury, his statements show his failure to accept responsibility for his actions. By his statements, Ciric attempted to exonerate himself and place the blame on others. In sentencing, a court may properly consider a defendant's motivation to accept responsibility for his conduct. *State v. Knutson*, 234 N.W.2d 105, 108 (Iowa 1975); *see also State v. Bragg*, 388 N.W.2d 187, 192 (Iowa Ct. App. 1986) (noting a court may consider a defendant's lack of remorse and failure to acknowledge guilt). We conclude the court did not rely upon impermissible factors in sentencing Ciric.

## III.    Motion to Dismiss

In a pro se brief, Ciric claims the district court should have granted his motion to dismiss. He asserts the trial information was not reviewed, approved, and filed, as required by Iowa Rule of Criminal Procedure 2.5(4).

A criminal defendant waives all defenses and objections to the criminal proceedings by pleading guilty, except for those irregularities intrinsic to the plea. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). A defendant may still raise a claim that the trial information is facially invalid, meaning that it does not charge an offense. *State v. White*, 545 N.W.2d 552, 554 (Iowa 1996).

In this case, Ciric is not claiming the trial information did not sufficiently allege a crime, but asserts it was not approved by a judge, as required by rule 2.5(4). We conclude his claims do not come within the narrow exception to the error preservation rules for claims a trial information does not allege a crime. *See id.* We conclude Ciric has failed to preserve error on his claims regarding the district court's ruling on his motion to dismiss.

**AFFIRMED.**