# IN THE COURT OF APPEALS OF IOWA

No. 19-1692
Filed October 6, 2021

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**MARKELL DISHE PRICE,**
  Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Mark E. Kruse, Judge.

The defendant appeals from his convictions of second-degree murder and third-degree kidnapping.  **AFFIRMED.**

Jason Dunn of Dunn Law, PLC, Gallup, New Mexico, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., May, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**POTTERFIELD, Senior Judge.**

Markell Price appeals from his convictions of second-degree murder and third-degree robbery. Price challenges (1) the sufficiency of the evidence supporting his convictions, (2) the district court's evidentiary ruling excluding a 911 call in which another person made incriminating statements about the murder, and (3) the court's denial of his *Batson*[1] challenge when the State used a peremptory strike on a Black potential juror.

**I. Background Facts and Proceedings.**

Price and his co-defendant, Majestic Malone, were charged with first-degree kidnapping and first-degree murder. Malone and Price were tried together.[2]

During jury selection, all but four of the venire members were white. The State used its tenth peremptory challenge to strike a potential Black juror, S.M.; the defense challenged the strike as "improper and violates *Batson*." In response, the prosecutor stated:

> The first thing the defense would need to establish under *Batson*, and all the cases that follow it, is that there's a pattern that we've established taking off jurors or excusing them by a peremptory strike. We've not done that.
> There's actually other minority jurors that are on the panel. . . .
> . . . .
> . . . We are not striking either one of those jurors. This is one minority juror that we are taking off, so there's not been any type of

---

[1] *Batson v. Kentucky*, 476 U.S. 79, 89 (1986) ("[T]he Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that [B]lack jurors as a group will be unable impartially to consider the State's case against a [B]lack defendant.").

[2] This court already decided the appeal of Malone. We set forth the facts involving the underlying crimes in that appeal. *See State v. Malone*, No. 19-1680, 2021 WL 1400709, at *1–4 (Iowa Ct. App. Apr. 14, 2021).

pattern established. I would assume, if we would have taken [Juror 29] and [Juror 28] along with [S.M.], that pattern might have been established. Even if we had taken one of those other two, given the fact there's only three total on the panel, *Batson* and its—and the cases that follow it do not prevent the State from striking a minority juror, so there—the test can't be established on the first prong.

The prosecutor provided a number of race-neutral reasons for striking S.M.:

> One, [S.M.] indicated during our record back in chambers yesterday that she was on the previous case, . . . that happened here a couple of weeks ago. One of the oddities of her statement that she made was that she originally was the jury foreman on the case, then backed off and then let somebody else take over. . . . [T]his case is longer, there are more complicated issues.
>
> We're concerned about her being able to make a decision on this case and being able to be in a position where she could make a decision on this case, particularly whenever she stepped back from being foreman. I've never heard of that before. I thought that was very much of an oddity and we would want to strike her for that reason.
>
> The other thing is I'd asked—made a record earlier today concerning jurors that work third shift and whether or not they were going to be able to work during jury service. There are two of them that indicated they work third shift. . . .
>
> Just observing [S.M.] out in the courtroom, Ms. Schaefer and I both observed that she has her eyes closed at times. She appears tired to me. I don't know how anyone can be on a three-week trial and try to work third shift and then still come in and where we can expect them to pay attention . . . .
>
> There are a couple of others. . . . I mean, she wears these kind of odd shirts that express her opinion. I don't know. It's just a bit of a concern that she would kind of be out there doing that.
>
> And the last reason is that in the last case, whenever she was interviewed or talked to during jury selection, she was emphatic about defendants testifying and that they had to do that in order to convince her of whatever it was she needed to be convinced of.

The district court denied the *Batson* challenge, stating it was "not sure whether a prima facie case has been made" but found the State had offered credible race-neutral reasons. During the challenge-for-cause phase, the defense successfully challenged one venire member of color who had personal knowledge of the victim

and indicated that she could not be fair and impartial in this case. Two jurors of color served.

The jury convicted Price and Malone of lesser-included offenses of second-degree murder and third-degree kidnapping. Price appeals.

## II. Discussion.

### A. Sufficiency of the Evidence.

Price challenges the sufficiency of the evidence supporting his convictions for second-degree murder and third-degree kidnapping. He argues "[t]he record . . . is devoid of any credible evidence linking Price to any of the injuries that were inflicted upon Eddie Breuer or to aiding and abetting another in the murder and kidnapping of Eddie."

> We review challenges to the sufficiency of evidence for correction of errors at law. We review all of the evidence presented at trial and consider it in the light most favorable to the State. When the evidence could convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt, the verdict is supported by substantial evidence.

*State v. Albright*, 925 N.W.2d 144, 150 (Iowa 2019) (citations omitted).

First, we must determine whether Price preserved error to raise these issues on appeal. To preserve error on sufficiency-of-the-evidence challenges, the defendant must move for judgment of acquittal at trial. *See State v. Albright*, 925 N.W.2d 144, 150 (Iowa 2019). And generally, "[c]ounsel does not preserve error on a sufficiency-of-evidence issue when counsel makes a general motion for judgment of acquittal but fails to identify specific elements of the charge not supported by the evidence." *Id.* However, there is an exception to the general rule

"when 'grounds for a motion were obvious and understood by trial court and counsel.'" *Id.* (quoting *State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005)).

Here, co-defendant Malone moved for judgment of acquittal, stating he "ask[ed] that the court find that the State has not made a necessary showing on each and every element of each charge and ask that the charges be dismissed based on that." Price "second[ed] that request" and added: "We do not believe the State has met its burden and we don't believe there has been a showing of a question for the jury to make a decision on." Neither defendant challenged a specific element of either crime—or the lesser-included crimes of second-degree murder and third-degree theft, of which Price and Malone were actually convicted. The State's response does not suggest the prosecutors understood specific elements—such as identity—were being challenged by the defendants; the prosecutor responded:

> We'd resist each motion. Again, the standard the court applies at this stage is the viewing in the light most favorable to the State. Looking at that, we've met our prima facie case as to each and every element of first degree murder for each defendant, first degree kidnapping for each defendant. Thank you.

And in overruling Price's and Malone's motions, the court did not refer to any specific evidence or elements it was considering. Price's general motion for judgment of acquittal, which both the prosecutors and court also understood to be and treated as a general motion, is not enough to preserve error as to the challenges he makes on appeal. *See State v. Crone*, 545 N.W.2d 267, 270 (Iowa 1996) ("The record reveals [defendant's] attorney did not mention the 'threat' or 'anything of value' elements of the extortion charge in his motion. Accordingly, [defendant's] motion for judgment of acquittal did not preserve the specific

arguments he is now making for the first time on appeal."). We do not consider this issue further.

**B. 911 Call.**

Price maintains the district court wrongly excluded from evidence a recording of a 911 call made. When Price moved to admit the phone call at trial, the State objected on hearsay grounds. Without Price responding or offering a reason why the evidence was admissible, the court sustained the object.

"Subject to the requirement of relevance, the district court has no discretion to deny the admission of hearsay if it falls within an exception . . . ." *State v. Newell*, 710 N.W.2d 6, 18 (Iowa 2006). For that reason, we review hearsay claims for correct of errors at law. *State v. Dessinger*, 958 N.W.2d 590, 597 (Iowa 2021).

On appeal, Price argues that "[e]mergency calls are generally admissible as hearsay exceptions under present sense impression and/or excited utterances." But it is not enough that "testimony of this type is frequently admitted into evidence" as "there is no categorical rule allowing such testimony." *State v. Walker*, 935 N.W.2d 874, 879 (Iowa 2019). "'[T]he proponent of the evidence[] has the burden' to establish the testimony comes within the exception to the [hearsay] rule." *Id.* (quoting *State v. Smith*, 876 N.W.2d 180, 189 (Iowa 2016)). And here, Price never advocated to the district court that the 911 call was admissible pursuant to the exceptions of present sense impression or excited utterance.

We cannot find the court erred in excluding the evidence as hearsay when Price did not argue to the district court that an exception to hearsay applied. *See State v. Opperman*, 826 N.W.2d 131, 133 (Iowa Ct. App. 2012) ("For an issue to be preserved the objectives of the error-preservation rules must be accomplished:

challenges must be raised at the earliest possible point, opposing counsel must have notice and the opportunity to be heard, *and the district court must have the opportunity to consider and pronounce a ruling on the issue.*" (emphasis added)); *cf. State v. Zipprich*, No. 00-1847, 2002 WL 571634, at *2 (Iowa Ct. App. Mar. 13, 2002) ("A party cannot claim error with respect to the admission or exclusion of evidence where he or she invited the error."). We recognize Price raised the issue—with the specific exceptions he now relies upon—in his motion for new trial, but "[i]t is well-settled that a party fails to preserve error on new arguments or theories raised for the first time in a posttrial motion." *Mitchell v. Cedar Rapids Cmty. Sch. Dist.*, 832 N.W.2d 689, 695 (Iowa 2013).

We do not consider this issue further.

**C. *Batson* Challenge.**

"In *Batson* the United States Supreme Court held that the equal protection clause of the fourteenth amendment prevents a prosecutor from using peremptory strikes to challenge potential jurors 'solely on account of their race.'" *State v. Griffin*, 564 N.W.2d 370, 375 (Iowa 1997) (quoting *Batson*, 476 U.S. at 89).

> Under our *Batson* jurisprudence, once the opponent of a peremptory challenge has made out a prima facie case of racial discrimination (step one), the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step two). If a race-neutral explanation is tendered, the trial court must then decide (step three) whether the opponent of the strike has proved purposeful racial discrimination.

*State v. Mootz*, 808 N.W.2d 207, 215 (Iowa 2012) (citation omitted).

Price "may establish a prima facie case of racial discrimination by showing that the prosecutor has exercised one or more peremptory challenges to remove from the venire members of a racial minority and that these facts and other relevant

circumstances raise an inference of discrimination." *State v. Veal*, 930 N.W.2d 319, 332 (Iowa 2019) (citing *Batson*, 476 U.S. at 96–98); *see Powers v. Ohio*, 499 U.S. 400, 416 (1991) (holding the defendant and the prospective juror do not have to be the same race to qualify for a *Batson* challenge); *see also J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 129 (1994) (extending *Batson* challenges to the use of gender-based peremptory challenges because "gender, like race, is an unconstitutional proxy for juror competency and impartiality"). "Such a showing shifts the burden to the prosecution to come forward with a race-neutral explanation for exercising the [peremptory] challenges." *Veal*, 930 N.W.2d at 332.

Our review of *Batson* claims is de novo, but "we give 'a great deal of deference to the district court's evaluation of credibility when determining the true motives of the attorney when making the strikes.'" *Id.* at 327 (citation omitted).

Here, Price argues that while the State's given reasons for the use of the peremptory strike appear race-neutral, they are only "superficially" so. And he asks us to "determine that based on our State's low population of minority citizens that any [peremptory] strike by any party should be viewed with skepticism and any reason provided for that strike be presumed prejudicial requiring the moving party to state with specificity, clarity, and intelligence why the strike is race-neutral."

Starting with Price's second argument first, we are not at liberty to change the legal standard or procedure for deciding a party's *Batson* challenge. *See, e.g.*, *Figley v. W.S. Indus.*, 801 N.W.2d 602, 608 (Iowa Ct. App. 2011). And second, the district court found the prosecutor's stated reasons for using the peremptory strike credible, ruling:

[T]he Court does find there were race neutral reasons for that particular strike.

The Court is very much aware that that second [sic] shift allows her very little time to sleep. I personally noticed that—her eyes closing several times, a lot at times, and other times she paid close attention during the course of the jury selection process.

The other reasons set forth by the State, including maybe her T-shirts, maybe—you know, that certainly could be a very race neutral reason for the strike in this case. I don't believe the State has to put on testimony or anything regarding the prior jury selection process in the case . . . that was referred to a couple weeks ago. I'll just take the statement as to what she said then as a professional statement by the lawyers.

So any *Batson* challenge in this case will be overruled. Again, the State has stated a race neutral reason, it's not a pretext or purposeful discrimination . . . .

We defer to the court's finding that the race-neutral reasons were not pretext. *See Veal*, 930 N.W.2d at 328 (reviewing court "give[s] 'a great deal of deference to the district court's evaluation of credibility when determining the true motives of the attorney when making the strikes'" (citation omitted)). We affirm the district court's denial of Price's *Batson* challenge.

## III. Conclusion.

Price failed to preserve error on either his sufficiency-of-the-evidence claims or his evidentiary challenge, so we do not reach the merits of those issues. On de novo review, we affirm the district court's denial of Price's *Batson* challenge. We affirm both of Price's convictions.

**AFFIRMED.**