# IN THE COURT OF APPEALS OF IOWA

No. 21-1759
Filed November 17, 2022

**SCOTT BROWN,**
　　Plaintiff-Appellant,

**vs.**

**CITY OF RED OAK,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Montgomery County, Jeffrey L. Larson, Judge.

　　A plaintiff appeals the district court's denial of his motion for leave to amend his petition. **REVERSED AND REMANDED.**

　　Brian E. Tackett, Glenwood, for appellant.

　　Brianna Sorensen, Shenandoah, for appellee.

　　Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Scott Brown appeals the district court's denial of his motion for leave to amend his petition against the City of Red Oak (City). Finding the district court abused its discretion, we reverse its ruling and remand for further proceedings consistent with this opinion.

In August 2018, Brown sought guidance from the City regarding setback or permitting requirements for a retaining wall he wished to construct. The City Clerk left a voicemail informing Brown that there are no setback or permitting requirements but relayed a height limitation to ensure visibility at the street corner. Brown proceeded with construction on this advice.

In September, the City informed Brown that his nearly completed retaining wall was in violation of city code because it extends beyond his property line onto the City's right-of-way. On October 18, Brown received notice that he must either tear the wall down by December 24 or incur a penalty of $750 to $1000 per day for the continuing infraction and be assessed the cost for the City to remove it for him. Brown requested and received a hearing before the city council in December, whereafter the council voted to deny Brown's request to occupy the right-of-way. In light of the winter season, the City granted Brown an extension on removal of the wall until the spring.

In April 2019, Brown filed a petition in district court requesting a temporary injunction and declaratory relief, or monetary damages in the alternative. He claimed the wall should be allowed to stand based on the City's acquiescence to the use of its property in this manner, evidenced by other walls similarly

encroaching on city property. Alternatively, Brown asserted the City should bear the cost of removal because he relied on the City's advice in its construction.

In March 2020, Brown served discovery requests on the City. The City filed its response on June 9, wherein it "acknowledge[d] that there are other retaining walls which encroach onto the city's right of way." The response further indicated that the City has never before forcibly removed such a structure, brought suit to enforce its right-of-way, granted a variance to allow such encroachment, or passively permitted such encroachment. On June 19, Brown filed a motion for leave to amend his petition to add a claim for selective enforcement. He alleged a violation of the state constitution's equal protection clause based on the City's lack of other enforcement and his previous "bad blood" with a city employee. After an unreported hearing, the court denied the motion, summarily citing an inability to determine whether the amendment was appropriate. Brown filed a motion to reconsider, which the court denied after Brown and his attorney failed to appear at the hearing. Our supreme court denied Brown's subsequent application for interlocutory appeal.

In October 2021, the district court held a hearing on the City's motion for summary judgment, during which Brown made an oral renewal of his motion for leave to amend. In November, the court granted summary judgment in favor of the City, but its order did not provide a ruling with respect to Brown's renewed motion. Brown filed a timely appeal, alleging the district court abused its discretion in denying his motion.

The City alleges Brown failed to preserve error because he (1) failed to request an enlargement of the findings in the original denial of his motion to amend,

(2) failed to appear at the hearing on his motion to reconsider the denial, and (3) failed to bring to the district court's attention the lack of ruling on his renewed motion for amendment made at the hearing on summary judgment. Although Brown did not request an enlargement per se, he did file a motion to reconsider after the district court's initial ruling on his motion to amend. Moreover, his failure to appear at the hearing on his motion to reconsider or seek another ruling after he raised the motion again did not impede the objectives of error preservation:

> For an issue to be preserved[,] the objectives of the error-preservation rules must be accomplished: challenges must be raised at the earliest possible point, opposing counsel must have notice and the opportunity to be heard, and the district court must have the opportunity to consider and pronounce a ruling on the issue.

*State v. Opperman*, 826 N.W.2d 131, 133 (Iowa Ct. App. 2012). Indeed, an adverse, final ruling on a pre-trial motion may be sufficient to preserve error even when the motion is not renewed at trial. *See, e.g.*, *State v. Leedom*, 938 N.W.2d 177, 191 (Iowa 2020) (finding counsel need not renew its objection at trial to preserve error on a court's final ruling on a motion in limine). Because Brown's pre-trial actions accomplished the requisite objectives, error was preserved.

As for the heart of Brown's claim, he contends the district court abused its discretion because the proposed amendment would not substantially change the issues before the court or unfairly surprise the defendant. *See Holliday v. Rain & Hail L.L.C.*, 690 N.W.2d 59, 63 (Iowa 2004) (setting forth standard of review). "An abuse of discretion occurs when a district court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Mulatillo*, 907 N.W.2d 511, 518 (Iowa 2018) (citation omitted).

Here, the district court provided no substantive reason for its determination. The court's ruling read simply: "The plaintiff's motion to amend petition is denied. The court has no basis to determine if an amendment is appropriate." Although Brown's motion for leave to amend simply stated that discovery revealed another cause of action without providing more specific context, Brown's response to the City's resistance to his motion more fully laid out his claim before the district court's ruling. Therein, Brown recounted the City's admission that "it has never forcibly removed a similar structure, nor has it ever brought suit to enforce, nor has it ever granted a variance to permit such encroachment" despite similar retaining walls within the municipality. Brown also provided an affidavit in which he alleged the City was pursuing enforcement based on his personal conflict with a particular city employee. On this record, the district court had a basis to determine whether amendment to add a claim for selective enforcement was appropriate.

The City argues Brown's original pleading was drafted negligently and his proposed amendment would substantially change the issues. The City alleges its discovery response did not provide new information to Brown because he was previously aware of his interactions with the city employee in question and the existence of other retaining walls. However, the City does not contend that Brown should have known of its lack of enforcement against other residents. As this information is a key element of selective enforcement, we do not fault Brown for his failure to plead this claim from the outset. However, we note Brown's claim would require additional evidentiary support: "[M]ere laxity in enforcement or some exercise of selective enforcement does not in itself establish a constitutional violation." *Greenawalt v. Zoning Bd. of Adjustment*, 345 N.W.2d 537, 546 (Iowa

6

1984) (citations omitted); *see also Snowden v. Hughes*, 321 U.S. 1, 8 (1944) ("[U]nequal application [of a statute] to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination."); *In re Kaster*, 454 N.W.2d 876, 880 (Iowa 1990) ("The doctrine of 'selective enforcement' addresses actual arbitrary and discriminatory application of the law. The doctrine is grounded on ordinary equal protection principles and prohibits prosecution based upon an unjustifiable standard such as race, religion, or the exercise of protected rights.").

Nevertheless, Iowa Rule of Civil Procedure 1.402(4) provides that "[l]eave to amend . . . shall be freely given when justice so requires." In application,

> [a]llowance of an amendment to a pleading is the rule and denial the exception, although an amendment is not permissible which will substantially change the issue. Additionally, a trial court has considerable discretion as to whether an appropriate request for leave to amend should be granted or denied and we will reverse only where a clear abuse of discretion is shown.

*Allison-Kesley Ag Ctr., Inc. v. Hildebrand*, 485 N.W.2d 841, 845 (Iowa 1992) (citation omitted). The district court's order does not address whether the proposed amendment would substantially change the issues or be otherwise inappropriate. *See, e.g.*, *id.* at 846 (affirming denial of leave to amend based on timing and reasonable belief that the moving party knew or should have known of the basis for the claim since inception of the suit). As we believe the court's reference to an inability to determine the suitability of the amendment was misplaced in this instance, we find its ruling constituted an abuse of discretion.

Accordingly, we reverse the district court and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**